IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:18-cv-00772-RDP |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**JOINT STATUS REPORT**

Pursuant to the Court's orders of November 1 and 5, 2018, the parties hereby submit this joint report "addressing other relevant pending litigation and the status of those actions." Minute Order (Nov. 5, 2018). Six actions have been filed in three federal district courts challenging the Secretary of Commerce's decision to reinstate a citizenship question on the 2020 Census. The status of these actions is as follows:

In *State of New York et al. v. U.S. Department of Commerce, et al.*, No. 1:18-cv-2921 (JMF) (S.D.N.Y.), plaintiffs filed an action challenging the Secretary's decision to reinstate a citizenship question on April 3, 2018. Plaintiffs raise claims that the government violated the Enumeration Clause and the Administrative Procedure Act (APA). The government moved to dismiss on May 25, and the district court dismissed the constitutional claim but otherwise denied the government's motion to dismiss on July 26. The district court authorized limited discovery on July 3 based on a preliminary showing of bad faith and ordered the deposition of the Secretary on September 21. The Supreme Court stayed the order authorizing the deposition of

1

the Secretary on October 22.  On October 29, the government filed a petition for a writ of certiorari in the Supreme Court challenging both the order authorizing extra-record discovery and the order authorizing the Secretary's deposition.  Meanwhile, discovery in the district court closed (with the exception of the Secretary's deposition), and the district court held a trial from November 5 to November 15.  On November 16, the Supreme Court granted the government's petition to review the discovery orders and set oral argument for February 19, 2019.  The government sought a stay of all district court proceedings on November 18, which the district court and the court of appeals denied.  The parties filed proposed findings of fact and conclusions of law on November 21, and closing arguments were held today, November 27.  The government filed a letter suggesting that the Supreme Court stay further trial proceedings on November 26.

In *New York Immigration Coalition et al. v. U.S. Department of Commerce*, No. 1:18-cv-5025 (JMF) (S.D.N.Y.), plaintiffs filed an action challenging the Secretary's decision to reinstate a citizenship question on June 6, 2018.  Plaintiffs raise claims that the government violated the Equal Protection Clause, the Census Clause, and the APA.  The government moved to dismiss on June 29, and the district court dismissed the Census Clause claim but otherwise denied the government's motion to dismiss on July 26.  Proceedings in this case have been coordinated with the *State of New York* case, and the two cases were formally consolidated on September 14.

In *State of California et al. v. Wilbur L. Ross, Jr., et al.*, No. 3:18-cv-01865-RS (N.D. Cal.), plaintiffs filed an action challenging the Secretary's decision to reinstate a citizenship question on March 26, 2018.  Plaintiffs raise claims that the government violated the Enumeration Clause and the APA.  On August 17, the district court denied the government's motion to dismiss and authorized fact and expert discovery in coordination with the New York

cases, which is now closed (with the exception of the Secretary's stayed deposition). The government moved for summary judgment on November 2. That motion was fully briefed on November 26, and the court will hear argument on December 7. A pretrial conference currently is scheduled for January 3, 2019, and a trial is scheduled to begin on January 7.

In *City of San Jose et al. v. Wilbur L. Ross, Jr., et al.*, No. 3:18-cv-02279-RS (N.D. Cal.), plaintiffs filed an action challenging the Secretary's decision to reinstate a citizenship question on April 17, 2018. Plaintiffs raise claims under Enumeration Clause, the Apportionment Clause, and the APA. This case has been coordinated, but not formally consolidated, with the *State of California* case. As in that case, the district court denied the government's motion to dismiss on August 17 and authorized fact and expert discovery in coordination with the New York cases, which is now closed (with the exception of the Secretary's stayed deposition). On November 2, the government moved for summary judgment and plaintiffs moved for partial summary judgment on the APA claim. Those motions were fully briefed on November 26 and the court will hear argument on December 7 in conjunction with the *State of California* motion for summary judgment. A pretrial conference currently is scheduled for January 3, 2019, and a trial is scheduled to begin on January 7, again in coordination with the *State of California* case.

In *Robyn Kravitz et al. v. U.S. Department of Commerce et al.*, No. 8:18-cv-01041-GJH (D. Md.), plaintiffs filed an action challenging the Secretary's decision to reinstate a citizenship question on April 11, 2018. Plaintiffs raise claims that the government violated the Census Clause and the APA. The district court denied the government's motion to dismiss on August 22 and authorized fact and expert discovery in coordination with the New York cases, which is now closed (with the exception of the Secretary's stayed deposition). The government moved for summary judgment on all claims on November 12. That motion will be fully briefed on

December 4, and the court will hear argument on December 14.  The district court scheduled an eight-day bench trial to begin on January 22, 2019.

In *La Unión del Pueblo Entero et al. v. Wilbur L. Ross, Jr., et al.*, No. 8:18-cv-01570-GJH (D. Md.), plaintiffs filed an action challenging the Secretary's decision to reinstate a citizenship question on May 31, 2018.  Plaintiffs raise claims that the government violated the Enumeration Clause, the Apportionment Clause, the Equal Protection Clause, and the APA, as well as a claim that the government conspired to violate civil rights under 24 U.S.C. § 1985(3).  This case has been coordinated, but not formally consolidated, with the *Kravitz* case.  The district court permitted fact and expert discovery in coordination with the New York census cases, which is now closed (with the exception of the Secretary's stayed deposition), and denied the government's motion to dismiss on November 9.  The government moved for summary judgment on all claims on November 12.  That motion will be fully briefed on December 4, and the court will hear argument on December 14 in conjunction with the *Kravitz* case.  The district court scheduled an eight-day bench trial to begin on January 22, 2019, again in coordination with the *Kravitz* case.[1]

---

[1] A suit challenging the Census Bureau's preparations for the 2020 Census more generally currently is pending in the District of Maryland.  On March 28, in *National Association for the Advancement of Colored People v. Bureau of the Census*, No. 8:18-cv-91 (D. Md.), plaintiffs filed an action under the Enumeration Clause alleging that purported deficiencies in the Bureau's operations would result in an undercount of racial and ethnic minorities.  The government moved to dismiss the case on July 13, and a decision on that motion currently is pending.

Also, on November 20, 2018, the Electronic Privacy Information Center filed a lawsuit under the APA, the E-Government Act of 2002, and the Declaratory Judgment Act, seeking the creation and publication of Privacy Impact Statements relating to the addition of the citizenship question.  *See Electronic Privacy Information Center v. United States Dep't of Commerce, et al.*, No. 1:18-cv-02711-DLF (D.D.C.).  The government is still in the process of analyzing this recently-filed complaint in which plaintiff, among other things, seeks to preclude the collection of citizenship data by the Census Bureau until the government has created and published Privacy Impact Assessments.

Dated: November 27, 2018                    Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            JOHN R. GRIFFITHS
                                            Director, Federal Programs Branch

                                            CARLOTTA P. WELLS
                                            Assistant Branch Director

                                            */s/ Brad P. Rosenberg*
                                            BRAD P. ROSENBERG (DC Bar #467513)
                                            Assistant Branch Director
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, N.W.
                                            Washington, DC  20005
                                            Tel.:  (202) 514-3374
                                            Fax:  (202) 616-8460
                                            Email:  brad.rosenberg@usdoj.gov

                                            *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*For Plaintiff:*

| | |
|---|---|
| Brad A. Chynoweth | bchynoweth@ago.state.al.us |
| Eric Michael Palmer | mnewman@ago.state.al.us |
| James W. Davis | jimdavis@ago.state.al.us |
| Steven Troy Marshall | smarshall@ago.state.al.us |
| Winfield J. Sinclair | wsinclair@ago.state.al.us |

*For Proposed Intervenor-Defendants:*

| | |
|---|---|
| Denise Marie Hulett | dhulett@maldef.org |
| James U. Blacksher | jblacksher@ns.sympatico.ca |
| Andrea E. Senteno | asenteno@maldef.org |
| W. Edward Still | Still@votelaw.com |
| Ming Ming Yang | mmyang@debevoise.com |
| Robin Thurston | rthurston@democracyforward.org |
| Anil A. Mujumdar | anil@zarzaur.com |
| Jyotin Hamid | jhamid@debevoise.com |
| Lauren M. Dolecki | lmdolecki@debevoise.com |
| Ryan M. Kusmin | rmkusmin@debevoise.com |
| Robert D. Segall | segall@copelandfranco.com |
| Danielle Luce Goldstein | danielle.goldstein@cco.sccgov.org |
| Jonathan Weisglass | jonathan@weissglass.com |
| Marcelo Quinones | marcelo.quinones@cco.sccgov.org |

I also hereby certify that I have caused to be mailed by Federal Express Overnight Delivery the document to the following non-CM/ECF participant:

Morris J. Brooks, Jr.
2101 W. Clinton Ave.
Suite 302
Huntsville, AL  35805

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG (DC Bar #467513)
Assistant Branch Director
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC  20005
Tel.:  (202) 514-3374
Fax:  (202) 616-8460
Email:  brad.rosenberg@usdoj.gov

*Counsel for Defendant*