UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, et al., } | |
| Plaintiffs, } | |
| v. } | Case No.: 2:18-CV-772-RDP |
| UNITED STATES DEPARTMENT OF } COMMERCE, et al., } | |
| Defendants. } | |

**MEMORANDUM OPINION**

This case is before the court on two Motions to Intervene. (Docs. # 6, 9). The first was filed by Diana Martinez, Raisa Sequeira, Saulo Corona, Irving Medina, Joey Cardenas, Florinda P. Chavez, and Chicanos Por La Causa ("CPLC") (collectively, "the Martinez Movants"). (Doc. # 6). The second was filed by Santa Clara County, California; King County, Washington; and the City of San José, California (collectively, "the Local Government Movants"). (Doc. # 9). The Proposed Defendant-Intervenors have filed their Motions (Docs. # 6, 9) pursuant to Federal Rule of Civil Procedure 24(a) and 24(b). The Motions are fully briefed (Docs. # 6, 9, 16-18), and are ripe for review. For the reasons explained below, the Motions are due to be granted under rule 24(b)(1)(B), as the court concludes the Proposed Defendant-Intervenors are entitled to permissive intervention.

I.   **Procedural Background**

Plaintiffs, the State of Alabama and Representative Morris J. "Mo" Brooks, Jr., filed suit on May 21, 2018, challenging the Final 2020 Census Residence Criteria and Residence Situations Rule ("Residence Rule"), which was finalized in February 2018. (Doc. # 1 at ¶ 1). The

1

Residence Rule[1] "provides that foreign nationals living in the United States will be counted in the census and allocated to the state where their 'usual residence' is located—regardless of whether they are legally present in the United States." (*Id.*). Plaintiffs raise three constitutional and two statutory challenges to the Residence Rule, and contend that the inclusion of undocumented persons in the 2020 Census will negatively affect Alabama's access to federal funding as well as the State's political representation in the House of Representatives and the Electoral College. (*See generally* Doc. # 1). Plaintiffs request (1) that the Residence Rule be declared unlawful and (2) that the congressional apportionment following the 2020 Census exclude undocumented persons from the population figures. (*Id*. at ¶ 158).

The Proposed Defendant-Intervenors filed their respective Motions on July 12, 2018 (Doc. # 6) and July 17, 2018 (Doc. # 9). The Martinez Movants are comprised of six voters from California, Florida, Arizona, and Texas -- states which they indicate have large populations of Latinos, non-U.S. citizens, and undocumented immigrants -- and CPLC, an organization that "works to increase Latino political empowerment in Arizona." (Doc. # 6-2 at 6). Similarly, the Local Government Movants include two counties and a municipality "that are home to disproportionately large populations of undocumented persons." (Doc. # 9 at 6). Both groups of movants request either leave to intervene as Defendants as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissive intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). (Docs. # 6-2 at 6; 9 at 5).

The only opposition to the Motions was filed by the State of Alabama on July 20, 2018. (Doc. # 16). Alabama argues that the Motions should be denied without prejudice and suggests that the court should instead grant amicus status to one or more of the movants. (*Id*. at 1-2).

---

[1] Final 2020 Census Residence Criteria and Residence Situations, 83 Fed. Reg. 5525 (February 8, 2018) (to be codified at 15 C.F.R. Ch. 1) ("Residence Rule").

Defendants United States Department of Commerce, Wilbur L. Ross, Bureau of the Census, and Ron S. Jarmin responded on July 20, 2018 by declaring that they "take no position one way or another regarding the motions to intervene." (Doc. # 15 at 1). The court notes that Defendants have since filed a Motion to Dismiss for Lack of Jurisdiction, arguing that Plaintiffs lack Article III standing due to the speculative nature of the injury they assert. (Doc. # 45).

**II.     Analysis**

For the reasons described below, the Motions to Intervene are due to be granted, and the Proposed Defendant-Intervenors are entitled to permissive intervention. And, because the court finds permissive intervention is appropriate in this case, the court need not address whether the Proposed Defendant-Intervenors may intervene as a matter of right under Rule 24(a).

**A.     The Proposed Defendant-Intervenors Are Entitled to Permissive Intervention**

Federal Rule of Civil Procedure 24(b) permits a party to intervene if, by timely motion, the party asserts "a claim or defense that shares with the main action a common question of law or fact." The principal consideration is whether intervention will "unduly prejudice or delay the adjudication of the rights of the original parties." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002); *see also Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Ultimately, the decision to allow a party to permissively intervene is "wholly discretionary with the court." *Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 595 (11th Cir. 1991). Because the Proposed Defendant-Intervenors satisfy each of these elements, they are entitled to permissive intervention.

To be sure, the briefing on this issue is not targeted at an assertion that the Proposed Defendant-Intervenors lack a defense that shares with the main action a common question of law or fact. Rather, the opposition to intervention addresses whether the Motions are timely. In

determining whether a motion to intervene is timely, a court should consider the following factors: "(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia*, 302 F.3d at 1259 (citing *Chiles*, 865 F.2d at 1213). The same analysis applies whether the court is considering a motion for intervention as a matter of right or permissive intervention. *United States v. Jefferson County,* 720 F.2d 1511, 1516 (11th Cir. 1983).

The Proposed Defendant-Intervenors have filed their Motions at the earliest stages of this litigation. Plaintiffs filed the Complaint on May 21, 2018 (Doc. # 1), and the Motions to Intervene were filed on July 12, 2018 (Doc. # 6) and July 17, 2018 (Doc. # 9), respectively—less than two months after the Complaint was filed. No discovery has been conducted, no scheduling order has been entered, and no motions have been heard by the court. Permitting intervention at this stage will not delay the adjudication of the litigants' rights or the judicial process as "the court [has] yet to take significant action." *Georgia*, 302 F.3d at 1259-60 (finding intervention timely and non-prejudicial because "the court had yet to take significant action," even though the motion was filed 6 months after intervenor was aware of its interest in the litigation and discovery had already commenced).

The State of Alabama attempts to argue that the Motions to Intervene are untimely, not because they were filed too late, but because they were filed too early. (Doc. # 16 at 3). However, that argument commingles the timeliness and inadequate representation elements. In

arguing that the Motions are "premature," the State points out that Defendants have not filed an answer and there is no way to know whether Defendants will adequately represent the Proposed Defendant-Intervenors' interests. (*Id*.). However, the Proposed Defendant-Intervenors have provided the court with multiple examples of caselaw from courts in this Circuit rejecting similar arguments. (Doc. # 17 at 6-8). *See Nat. Res. Def. Council v. Nat'l Park Serv.*, 2016 WL 5415127, at *2 (M.D. Fla. Sept. 28, 2016) (finding motion to intervene timely when it was filed thirty days after the complaint was filed and before defendants filed a responsive pleading); *Defs. Of Wildlife v. Bureau of Ocean Energy Mgmt.*, 2010 U.S. Dist. LEXIS 130581, at *7-8 (S.D. Ala. Dec. 9, 2010) (finding motion to intervene timely where it was filed before defendants had filed a responsive pleading); *Holmes v. Educational Credit Management Corp.*, 2012 WL 1605940, at *2 (N.D. Fla. April 4, 2012) (finding motion to intervene timely because there was no prejudice to existing parties where motion was filed prior to the answer deadline). Further, and in any event, Defendants filed a Motion to Dismiss for Lack of Jurisdiction on November 13, 2018, arguing that Plaintiffs lack standing to pursue their claims. (Doc. # 45). Because intervention would not prejudice the existing parties at this early phase of litigation, the Motions to Intervene are timely.

As to the third factor, Proposed Defendant-Intervenors have shown they will likely suffer prejudice if their Motions to Intervene are denied. In considering this factor, "the thrust of the inquiry must be the extent to which a final judgment in the case may bind the movant even though he is not adequately represented by an existing party." *United States v. Jefferson County*, 720 F.2d at 1517. This factor is given particular weight where the proposed intervenor "has a sufficiently greater stake than the party that the party's representation may be inadequate to protect the movant's interest." *Id*. Here, the papers before the court demonstrate that the

Proposed Defendant-Intervenors have a personal stake in the outcome of this litigation, such that they would be prejudiced if intervention was not permitted. If the Residence Rule was vacated, the Martinez Movants have asserted that their "voting strength and representation in the House of Representatives and the [E]lectoral [C]ollege" could be negatively affected. (Doc. # 6-2 at 16). In the case of the Local Government Movants, their potential prejudice is twofold: (1) their "ability to maintain accurate internal political boundaries" may be harmed and (2) the amount of Census-Based Federal Funding granted to each municipality may decrease. (Doc. # 9 at 6). As a result, the respective interests of the Proposed Defendant-Intervenors may go unrepresented if they are not permitted to intervene. Thus, the court finds the Motions to be timely.

The Proposed Defendant-Intervenors also satisfy the commonality standard required by Rule 24(b), because they intend to defend the Residence Rule based on the same law and facts that the existing parties to the litigation have already raised. (*See* Docs. # 6-3; 9-1). Specifically, they argue that the Residence Rule is lawful under the both the Constitution and the APA. (*Id*.). While Plaintiffs contend that an "actual enumeration" of the "whole number of persons in each State" must exclude undocumented persons (*see generally* Doc. # 1), the Movants argue that the "persons" to be counted for purposes of apportionment necessarily includes undocumented persons. (Docs. # 6-2 at 24; 9 at 22). Indeed, the defenses the Proposed Defendant-Intervenors intend to submit share *identical* questions of fact and law with the main action. As such, they are entitled to a secondary voice in the action in order to protect their specific interests. [2]

---

[2] The decision to permit intervention in this case is particularly significant in light of Defendants' rather halfhearted Motion to Dismiss for Lack of Jurisdiction. (Doc. # 45). Indeed, the court is concerned that Defendants have overlooked a key argument as to why Plaintiffs potentially lack Article III standing—*i.e.*, whether Plaintiffs' claimed representational injury is likely to be redressed by a favorable decision of this court. *See Franklin v. Massachusetts*, 505 U.S. 788 (1992). Allowing intervention will increase the prospect that the court will be more fully informed of the best arguments that support Defendants' position.

### III. Conclusion

For the reasons explained above, the Motions to Intervene are due to be granted. Consequently, the Proposed Defendant-Intervenors may permissively intervene pursuant to Federal Rule of Civil Procedure 24(b). A separate Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 13, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE