

FILED
2019 Jul-19  PM 05:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA; and<br>MORRIS J. BROOKS, JR., Representative for<br>Alabama's 5th Congressional District,<br><br>    *Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>COMMERCE; and WILBUR L. ROSS, in his<br>official capacity as Secretary of Commerce;<br>BUREAU OF THE CENSUS, an agency within the<br>United States Department of Commerce; and<br>STEVEN DILLINGHAM,[1] in his capacity as<br>performing the non-exclusive functions and duties<br>of the Director of the U.S. Census Bureau,<br><br>    *Defendants*,<br><br>and<br><br>COUNTY OF SANTA CLARA, CALIFORNIA;<br>KING COUNTY, WASHINGTON; and CITY OF<br>JOSÉ, CALIFORNIA,<br><br>DIANA MARTINEZ; RAISA SEQUEIRA;<br>SAULO CORONA; IRVING MEDINA; JOEY<br>CARDENAS; FLORINDA P. CHAVEZ; and<br>CHICANOS POR LA CAUSA,<br><br>    *Intervenor-Defendants.* | **Civil Action No.<br>2:18-cv-00772-RDP** |

---

[1]   Director of the U.S. Census Bureau Steven Dillingham is automatically substituted as a Defendant

for Ron S. Jarmin pursuant to Fed. R. Civ. P. 25(d).

**LOCAL GOVERNMENT INTERVENORS' ANSWER AND DEFENSES
TO PLAINTIFFS' COMPLAINT**

The County of Santa Clara, California; King County, Washington; and the City of San José, California (collectively, the "Local Government Intervenors") hereby submit their Answer and Defenses to Plaintiffs' Complaint (ECF No. 1) as follows:

**INTRODUCTION**

1. The first sentence of Paragraph 1 of the Complaint asserts legal conclusions to which no response is required. As to the defined term in footnote 1 of the Complaint, Local Government Intervenors will instead use the term "Undocumented Persons" to refer to non-U.S. citizen residents in the United States without proper legal documentation. The second and third sentences of Paragraph 1 purport to describe provisions of the Federal Register, which speak for themselves and to which no response is required. To the extent a response is required for the first three sentences, Local Government Intervenors deny. As to the last sentence of Paragraph 1, Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegation and, on that basis, deny.

2. Paragraph 2 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Local Government Intervenors deny.

3. Paragraph 3 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Local Government Intervenors deny.

4.      Paragraph 4 of the Complaint asserts legal conclusions to which no response is required.  Local Government Intervenors admit that Plaintiffs purport to seek relief as described in Paragraph 4 but deny that Plaintiffs are entitled to such relief.

5.      Paragraph 5 of the Complaint asserts legal conclusions to which no response is required.  Local Government Intervenors admit that Plaintiffs purport to seek relief as described in Paragraph 5 but deny that Plaintiffs are entitled to such relief.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the Complaint asserts legal conclusions to which no response is required.

7.      Paragraph 7 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that Plaintiffs purport to seek relief as described in Paragraph 7 but deny that Plaintiffs are entitled to such relief.

8.      The first sentence of Paragraph 8 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that venue is proper in this district.  Local Government Intervenors aver that the second sentence of Paragraph 8 contains allegations against a Defendant to which Local Government Intervenors' response is not required.  As to the last sentence of Paragraph 8, Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny.

9.      Paragraph 9 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that Plaintiffs purport to redress their stated interests described in Paragraph 9 but deny that Plaintiffs are entitled to such relief.

## THE PARTIES

1.      Local Government Intervenors admit the allegations in the first sentence of Paragraph 1 of the Complaint.  The remaining allegations of Paragraph 1 assert legal conclusions to which no response is required.[2]

2.      Local Government Intervenors admit the allegations in the first and second sentences of Paragraph 2 of the Complaint.   Local Government Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 2 and therefore deny.

3.      Local Government Intervenors aver that Paragraph 3 of the Complaint contains allegations against a Defendant to which Local Government Intervenors' response is not required.

4.      Local Government Intervenors aver that Paragraph 4 of the Complaint contains allegations against a Defendant to which Local Government Intervenors' response is not required.

---

[2]      The numbering of the Plaintiffs' Complaint resets at the beginning of the section entitled, "THE PARTIES."

5.      Local Government Intervenors aver that Paragraph 5 of the Complaint contains allegations against a Defendant to which Local Government Intervenors' response is not required.

6.      Local Government Intervenors aver that Paragraph 6 of the Complaint contains allegations against a Defendant to which Local Government Intervenors' response is not required.

## ALLEGATIONS

7.      Paragraph 7 of the Complaint purports to describe provisions of the U.S. Constitution, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

8.      Paragraph 8 of the Complaint purports to describe provisions of the U.S. Constitution, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

9.      Paragraph 9 of the Complaint purports to describe provisions of the U.S. Code, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

10.     Paragraph 10 of the Complaint purports to describe provisions of the U.S. Code, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

11.     Paragraph 11 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that one of the purposes of the decennial census is to conduct an actual enumeration of the people of the United States so they are properly represented in Congress and in Presidential elections.

12.     The second sentence of Paragraph 12 of the Complaint purports to describe provisions of the U.S. Code, which speak for themselves and to which no response is required.  To the extent a response is required, and as to the allegations in the remainder of Paragraph 12, Local Government Intervenors deny because they are incomplete descriptions of Census Bureau methods in conducting the decennial census.

13.     Paragraph 13 of the Complaint purports to describe provisions of the U.S. Code, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

14.     Paragraph 14 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself and to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

15.     Paragraph 15 of the Complaint purports to describe provisions of the U.S. Code, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

16.     Local Government Intervenors aver that Paragraph 16 of the Complaint attempts to define "apportionment population," a term not used in the Residence Rule and not otherwise sourced.  As such, Local Government Intervenors lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny.

17.     As to the first sentence of Paragraph 17 of the Complaint, Local Government Intervenors admit that the resident population of a state includes Undocumented Persons counted in the census but otherwise deny the allegations because they are an incomplete description of Census Bureau methods in conducting the decennial census.  The second sentence in Paragraph 17 of the Complaint purports to describe a provision of the Federal Register, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny because the term "state resident" does not appear in the Residence Rule.

18.     Paragraph 18 of the Complaint purports to describe provisions of the Federal Register, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that the Residence Rule provides that citizens of foreign countries living in the United States, including Undocumented Persons, will be counted where they live and sleep most of the time.

19.     Local Government Intervenors admit the first sentence of Paragraph 19. *See* Paragraph 18.  Local Government Intervenors aver that the second sentence of Paragraph 19 of the Complaint purports to describe the public record of comments provided to the Census Bureau on the 2020 Residence Rule, which speaks for itself and to which no response is required.

20.     Paragraph 20 of the Complaint purports to describe provisions of the U.S. Code and the Residence Rule, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that Undocumented Persons will be included in the enumeration of all persons of each state in accordance with the U.S. Constitution and the Residence Rule.

21.     Paragraph 21 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

22.     Paragraph 22 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors aver that the paragraph is vague, and based on a legally incorrect premise, and therefore deny.

23.     Paragraph 23 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that there is no plausible method by which the President could unilaterally alter the report delivered by the Secretary of Commerce to exclude Undocumented Persons from the tally of the population of each state used for congressional and electoral apportionment.

24.     Local Government Intervenors deny the allegations contained in Paragraph 24 of the Complaint and aver that Defendant Ross's memorandum announcing the decision to ask a question regarding citizenship status on the 2020 Census is dated March 26, 2018.

25.     Local Government Intervenors admit that neither the Department of Commerce nor Census Bureau has announced a decision to add a question about legal permanent resident status.  The remainder of Paragraph 25 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

26.     Paragraph 26 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors aver that that the paragraph is vague and therefore deny.

27.     Paragraph 27 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny but aver that the apportionment required by statute will be based on an enumeration of all persons of each state, which includes Undocumented Persons, in accordance with the U.S. Constitution, U.S. Code, and Federal Regulations.

28.     Paragraph 28 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that the Residence Rule complies with the Constitution, which sets the requirements for the apportionment of the House of Representatives and the Electoral College and deny the remainder of the allegations.

29.     Paragraph 29 of the Complaint purports to describe certain documents, which speak for themselves and to which no response is required.  Local Government

Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 29 of the Complaint and therefore deny.

30.     Local Government Intervenors aver that the first and third sentences of Paragraph 30 of the Complaint are vague and therefore deny.  The remaining allegations of Paragraph 30 purport to describe certain documents, which speak for themselves and to which no response is required.

31.     Local Government Intervenors aver that the first sentence of Paragraph 31 asserts a legal conclusion to which no response is required.  To the extent a response is required and as to the remaining allegations of Paragraph 31, Local Government Intervenors admit that in previous censuses, apportionment was based on the total resident population of each state—including Undocumented Persons—relative to the other states in the United States.

32.     The first sentence of Paragraph 32 of the Complaint asserts a legal conclusion to which no response is required.  Local Government Intervenors admit that there are currently 435 members of the House of Representatives, but deny that this number has been fixed by statute since 1910; the Apportionment Act of 1911 was passed in 1911 and became effective in 1913.  Local Government Intervenors admit that congressional apportionment is based on decennial census figures.

33.     Local Government Intervenors aver that the first sentence of Paragraph 33 of the Complaint is vague and therefore deny, but admit that the population of Undocumented Persons is not evenly distributed within the United States.  As to the second sentence of Paragraph 33, Local Government Intervenors admit that if the

population of Undocumented Persons were evenly distributed among the Congressional Districts, their presence would have no impact on the distribution of House seats.

34.      Paragraph 34 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.

35.      Paragraph 35 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.

36.      Paragraph 36 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.

37.      Paragraph 37 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

38.      Paragraph 38 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny except admit that the number of electors in the Electoral College to which a state is entitled is partially determined by the size of the state's congressional delegation.

39.      Paragraph 39 of the Complaint purports to describe a publication from the Center for Immigration Studies (not from the Immigration and Naturalization Service), which speaks for itself and to which no response is required.

40.      Paragraph 40 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.

41.      Local Government Intervenors aver that Paragraph 41 of the Complaint is vague, and therefore deny.

42.     Paragraph 42 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.  The last sentence of Paragraph 42 asserts legal conclusions, to which no response is required.  To the extent a response is required, Local Government Intervenors aver that counting all persons in the 2000 Census, including Undocumented Persons, as required by the U.S. Constitution, may have had an effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 42 of the Complaint and therefore deny.

43.     Local Government Intervenors aver that counting all persons in the 2000 Census, including Undocumented Persons, as required by the Constitution, may have had an effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 43 of the Complaint and therefore deny.

44.     Local Government Intervenors aver that counting all persons in the 2010 Census, including Undocumented Persons, as required by the Constitution, may have had an effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 44 of the Complaint and therefore deny.

45.     Paragraph 45 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.  To the extent a response is required, Local Government Intervenors aver that counting all persons in the 2010

Census, including Undocumented Persons, as required by the Constitution, may have had an effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 45 of the Complaint and therefore deny.

46.      To the extent Paragraph 46 of the Complaint asserts legal conclusions, no response is required.  As to the allegations in first and third sentences of Paragraph 46, Local Government Intervenors admit that counting Undocumented Persons in the Census may have an effect on the apportionment of House seats, but deny the characterizations of those effects.  As to the remaining allegations, Local Government Intervenors deny.

47.      Paragraph 47 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.

48.      The first sentence of Paragraph 48 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Local Government Intervenors deny.  As to the remaining allegations of Paragraph 48, Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny.

49.      Local Government Intervenors deny the allegations in Paragraph 49 of the Complaint.

50.      Local Government Intervenors aver that counting all persons in the 2020 Census, including Undocumented Persons, as required by the Constitution, may have an effect on the apportionment of House seats and Electoral College votes, but Local

Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 50 of the Complaint and therefore deny.

51.     Local Government Intervenors deny the allegations in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint purports to describe *U.S. Dep't of Commerce v. Montana*, 503 U.S. 442 (1992), which speaks for itself, and asserts a legal conclusion to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

53.     Paragraph 53 of the Complaint purports to describe a certain document, which speaks for itself and to which no response is required.

54.     Local Government Intervenors aver that Paragraph 54 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

55.     Local Government Intervenors admit the allegations in Paragraph 55 of the Complaint.

56.     Local Government Intervenors aver that counting all persons in the 2020 Census, including Undocumented Persons, as required by the Constitution, may have an effect on the apportionment of House seats, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 56 of the Complaint and therefore deny.

57.     Local Government Intervenors aver that counting all persons in the 2020 Census, including Undocumented Persons, as required by the Constitution, may have an effect on the number of Electoral College votes for Alabama, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 57 of the Complaint and therefore deny.

58.     Local Government Intervenors aver that counting all persons in the 2020 Census, including Undocumented Persons, as required by the Constitution, may have an effect on the apportionment of House seats, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 58 of the Complaint and therefore deny.

59.     Local Government Intervenors aver that counting all persons in the 2020 Census, including Undocumented Persons, as required by the Constitution, may have an effect on the number of Electoral College votes for Alabama, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 59 of the Complaint and therefore deny.

60.     Local Government Intervenors aver that counting all persons in the Census, including Undocumented Persons, as required by the Constitution, may have an effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 60 of the Complaint and therefore deny.

61.     Local Government Intervenors aver that counting all persons in the Census, including Undocumented Persons, as required by the Constitution, may have an

effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 61 of the Complaint and therefore deny.

62.     Local Government Intervenors aver that counting all persons in the 2020 Census, including Undocumented Persons, as required by the Constitution, may have an effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 62 of the Complaint and therefore deny.

63.     Local Government Intervenors aver that counting all persons in the 2020 Census, including Undocumented Persons, as required by the Constitution, may have an effect on the apportionment of House seats and Electoral College votes, but Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the specific allegations in Paragraph 63 of the Complaint and therefore deny.

64.     Paragraph 64 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

65.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore deny.

66.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore deny.

67.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore deny.

68.     Local Government Intervenors aver that the total estimated population of all California residents, including Undocumented Persons in 2017 is 39.5 million.  Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore deny.

69.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore deny.

70.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore deny.

71.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and therefore deny.

72.     To the extent that Paragraph 72 of the Complaint asserts legal conclusions, no response is required.   As to the remaining allegations in Paragraph 72, Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth and therefore deny.

73.     Local Government Intervenors deny the allegations of Paragraph 73 of the Complaint.

74.     Local Government Intervenors admit the allegations in the first two sentences of paragraph 74 of the Complaint.  Local Government Intervenors deny the remaining allegations of Paragraph 74.

75.     Local Government Intervenors aver that Paragraph 75 of the Complaint purports to describe the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit that the Highway Trust Fund provides grants to states for road construction and other surface transportation.

76.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore deny.

77.     Local Government Intervenors aver that Paragraph 77 of the Complaint purports to describe the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

78.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint and therefore deny.

79.     Local Government Intervenors aver that Paragraph 79 of the Complaint purports to describe the Code of Federal Regulations, which speaks for itself and to which no response is required.  To the extent a response is required, Local Government

Intervenors admit that the Child Care and Development Fund relies on census data in distributing funds.

80.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and therefore deny.

81.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore deny except that Local Government Intervenors admit that certain federally funded programs are allocated based on data from the decennial census and exclusion of Undocumented Persons from the census enumeration would affect the distribution of those funds.

82.     Local Government Intervenors admit that an accurate Census allows public and private actors to identify and meet community and business needs, but deny that the Residence Rule prevents, impedes, or otherwise impairs, an accurate census.

83.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore deny.

84.     Local Government Intervenors admit the allegations in Paragraph 84 of the Complaint.

85.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore deny.

86.     Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and therefore deny.

87.     Paragraph 87 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

88.     Paragraph 88 of the Complaint purports to describe the Fourteenth Amendment to the U.S. Constitution, which speaks for itself and to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

89.     Paragraph 89 of the Complaint purports to describe provisions of the U.S. Constitution, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

90.     Paragraph 90 of the Complaint purports to describe Article I, Section 2, Clause 2 of the U.S. Constitution, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

91.     Paragraph 91 of the Complaint purports to describe *Franklin v. Massachusetts*, 505 U.S. 788 (1992), which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

92.     Paragraph 92 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

93.     Paragraph 93 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

94.     Paragraph 94 of the Complaint purports to describe *District of Columbia v. Heller*, 554 U.S. 570 (2008), which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

95.     Paragraph 95 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

96.     Paragraph 96 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

97.     Paragraph 97 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

98.     Paragraph 98 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

99.     Paragraph 99 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

100.     Paragraph 100 of the Complaint purports to describe provisions of the U.S. Constitution, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

101.     Paragraph 101 of the Complaint purports to describe language contained in an earlier version of the Census Clause, which speaks for itself and to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

102.     Local Government Intervenors deny the allegations contained in Paragraph 102 of the Complaint.

103.     Paragraph 103 of the Complaint purports to describe certain documents, which speak for themselves and to which no response is required. To the extent a response is required, Local Government Intervenors deny.

104.     To the extent Paragraph 104 of the Complaint asserts legal conclusions, no response is required.  Local Government Intervenors otherwise deny the allegations of Paragraph 104.

105.     To the extent the first sentence of Paragraph 105 of the Complaint asserts legal conclusions, no response is required.  Local Government Intervenors otherwise deny the allegations of Paragraph 105.

106.    To the extent Paragraph 106 of the Complaint asserts legal conclusions, no response is required.  Local Government Intervenors otherwise deny the allegations of Paragraph 106.

107.    To the extent Paragraph 107 of the Complaint asserts legal conclusions, no response is required.  Local Government Intervenors otherwise deny the allegations of Paragraph 107.

108.    Paragraph 108 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

109.    Paragraph 109 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

110.    Paragraph 110 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

111.    Paragraph 111 of the Complaint purports to describe *Franklin v. Massachusetts*, 505 U.S. 788 (1992), which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

112.    Local Government Intervenors aver that Paragraph 112 of the Complaint purports to describe *Evenwel v. Abbott*, 136 S. Ct. 1120 (2016), which speaks for itself, and asserts legal conclusions to which no response is required.

113.    Paragraph 113 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

114.    Local Government Intervenors deny the allegations contained in Paragraph 114 of the Complaint.

115.    Local Government Intervenors deny the allegations contained in Paragraph 115 of the Complaint.

116.    The first sentence of Paragraph 116 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.  As to the remaining allegations contained in Paragraph 116, Local Government Intervenors deny.

117.    Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and therefore deny.

118.    Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint and therefore deny.

119.    Local Government Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and therefore deny.

120.    Paragraph 120 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

121.    Paragraph 121 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

122.    Paragraph 122 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

123.    Paragraph 123 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

124.    Local Government Intervenors aver that Paragraph 124 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

125.    Paragraph 125 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny, with the exception of the citation to *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29 (1983), which speaks for itself and to which no response is required.

126.    Paragraph 126 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny, with the exception of the citation to *Multicultural Media, Telecom, and Internet Council v. FCC*, 873 F.3d 932 (D.C. Cir. 2017) and a provision of the Residence Rule, 83 Fed. Reg. 5525, at 5526, both of which speak for themselves and to which no response is required.

127.    Paragraph 127 of the Complaint purports to characterize *Multicultural Media*, 873 F.3d at 936, and a provision of the Residence Rule, 83 Fed. Reg. 5525, at 5526, both of which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

128.    Paragraph 128 of the Complaint purports to characterize *Int'l Union, United Mine Workers of Am. v. Mine Safety & Health Admin*., 626 F.3d 84, 94 (D.C. Cir. 2010), which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

129.    Paragraph 129 of the Complaint purports to characterize a provision of the Residence Rule, 83 Fed. Reg. 5525, at 5530, and *Sierra Club v. Envtl. Prot. Agency*, 863 F.3d 834 (D.C. Cir. 2017), both of which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

130.    The last sentence of Paragraph 130 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Local

Government Intervenors deny.   Local Government Intervenors deny the remaining allegations of Paragraph 130.

131.     Paragraph 131 of the Complaint purports to describe a provision of the Residence Rule, 83 Fed. Reg. 5525, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

132.     Paragraph 132 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

133.     Paragraph 133 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

134.     Paragraph 134 of the Complaint purports to describe provisions of the U.S. Code, which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

135.     Paragraph 135 of the Complaint purports to characterize *Johnson v. Governor of Florida*, 405 F.3d 1214 (11th Cir. 2005), which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

136.   Paragraph 136 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

137.   Paragraph 137 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

138.   Paragraph 138 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

139.   Paragraph 139 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

## FIRST CAUSE OF ACTION

140.   Local Government Intervenors repeat and reassert their responses to Paragraphs 1—9 (Introduction and Jurisdiction and Venue) and 1–139 as though fully set forth herein.

141.   Paragraph 141 of the Complaint purports to describe language from Section 2 of the Fourteenth Amendment, which speaks for itself and to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

142.    Paragraph 142 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

## SECOND CAUSE OF ACTION

143.    Local Government Intervenors repeat and reassert their responses to Paragraphs 1—9 (Introduction and Jurisdiction and Venue) and 1–142 as though fully set forth herein.

144.    Paragraph 144 of the Complaint purports to describe Article II, Section 1 of the U.S. Constitution, which speaks for itself and to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

145.    Paragraph 145 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

## THIRD CAUSE OF ACTION

146.    Local Government Intervenors repeat and reassert their responses to Paragraphs 1—9 (Introduction and Jurisdiction and Venue) and 1–145 as though fully set forth herein.

147.    Paragraph 147 of the Complaint purports to describe language in Article I, Section 2 of the U.S. Constitution and the Fourteenth Amendment of the U.S. Constitution, both of which speak for themselves, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

148.     Paragraph 148 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

## FOURTH CAUSE OF ACTION

149.     Local Government Intervenors repeat and reassert their responses to Paragraphs 1—9 (Introduction and Jurisdiction and Venue) and 1–148 as though fully set forth herein.

150.     Paragraph 150 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

151.     Paragraph 151 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

152.     Paragraph 152 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

## FIFTH CAUSE OF ACTION

153.     Local Government Intervenors repeat and reassert their responses to Paragraphs 1—9 (Introduction and Jurisdiction and Venue) and 1–152 as though fully set forth herein.

154.     Paragraph 154 of the Complaint purports to describe a provision of the U.S. Code, which speaks for itself, and asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors admit.

155.     Paragraph 155 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

156.     Paragraph 156 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

157.     Paragraph 157 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Local Government Intervenors deny.

## AFFIRMATIVE DEFENSES

Local Government Intervenors allege, assert, and aver the following defenses, which apply to each and every cause of action asserted in the Complaint to which such defense may be applicable.  By virtue of alleging these further defenses, Local Government Intervenors do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.

1.     Except as otherwise specifically stated above and admitted herein, Local Government Intervenors deny each and every allegation contained in the Complaint.

2.     Local Government Intervenors also deny that Plaintiffs are entitled to any relief as to any of the Counts set forth in the Complaint.

3.      Plaintiffs' Complaint fails in whole or in part to state a claim upon which relief can be granted.

## RESERVATION OF DEFENSES

Local Government Intervenors reserve the right to amend this Answer and to assert additional defenses or to supplement, alter, or edit this Answer, or to assert any counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Local Government Intervenors pray for judgment as follows:

1.      That Plaintiffs' claims be dismissed with prejudice in their entirety, and that Plaintiffs take nothing thereby;

2.      That judgment be entered in Local Government Intervenors' favor;

3.      For such other and further relief as the Court deems just and proper.


Respectfully submitted,


Dated: July 19, 2019                    /s/ Anil A. Mujumdar

**ZARZAUR**
Anil A. Mujumdar (ASB-2004-L65M)
2332 Second Avenue North
Birmingham, AL 35203
T: 205.983.7985
F: 888.505.0523
E: anil@zarzaur.com

**OF COUNSEL:**
**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
*Ezra D. Rosenberg*
*Dorian L. Spence*
1401 New York Avenue NW, Suite 400
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-9857
Email: erosenburg@lawyerscommittee.org
         dspence@lawyerscommittee.org

**DEMOCRACY FORWARD**
*Javier M. Guzman*
*Robin F. Thurston*
*John T. Lewis*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Email: jguzman@democracyforward.org
         rthurston@democracyforward.org
         jlewis@democracyforward.org

*Attorneys for Defendant-Intervenors CITY OF SAN JOSÉ and KING COUNTY*

**DEBEVOISE & PLIMPTON LLP**
*Jyotin Hamid*
*Lauren M. Dolecki*
*Ming Ming Yang*
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
         lmdolecki@debevoise.com
         mmyang@debevoise.com

33

*Ryan M. Kusmin*
801 Pennsylvania Avenue NW, Suite 500
Washington, DC 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118
Email: rmkusmin@debevoise.com

**CITY OF SAN JOSÉ**
Richard Doyle, City Attorney
Nora Frimann, Assistant City Attorney
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, CA 95113-1905
Telephone: (408) 535-1900
Facsimile: (408) 998-3131
Email: cao.main@sanjoseca.gov

*Attorneys for Defendant-Intervenor CITY
OF SAN JOSÉ*

**COPELAND FRANCO SCREWS &
GILL, P.A.**
Robert D. Segall (SEG003)
Post Office Box 347
Montgomery, AL 36101-0347
Phone: (334) 834-1180
Facsimile: (334) 834-3172
Email: segall@copelandfranco.com

**OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA**
*James R. Williams*, County Counsel
*Greta S. Hansen*
*Raphael N. Rajendra*
*Marcelo Quiñones*
*Laura S. Trice*
Office of the County Counsel
County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
Email: raphael.rajendra@cco.sccgov.org
         marcelo.quinones@cco.sccgov.org

**LAW OFFICE OF JONATHAN WEISSGLASS**

*Jonathan Weissglass*
1939 Harrison Street, Suite 150-B
Oakland, CA 94612
Telephone: (510) 836-4200
Email:   jonathan@weissglass.com

*Attorneys for Defendant-Intervenor*
*COUNTY OF SANTA CLARA,*
*CALIFORNIA*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Steven T. Marshall
Edmund G. LaCour
Winfield J. Sinclair
Brad A. Chynoweth
James W. Davis
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
P O Box 300152
Montgomery, Alabama  36130-0152
T: 334.242.7300
F: 334.353.8440
E: jimdavis@ago.state.al.us / elacour@ago.state.al.us / bchynoweth@ago.state.al.us /
smarshall@ago.state.al.us / wsinclair@ago.state.al.us
*Attorneys for the Plaintiff State of Alabama*

Brad P. Rosenberg
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch 1100 L Street, NW
Washington, DC 20005
T: 202.514.3374
F: 202.616.8460
E: brad.rosenberg@usdoj.gov
*Attorney for Defendants United States Department of Commerce, Wilbur L. Ross, Bureau
of the Census, Rod S. Jarmin, and Steven Dillingham*

Thomas A. Saenz
Julia A. Gomez
Denise Marie Hulett
Andrea E. Senteno
MALDEF
1016 16th Street, NW, Suite 100
Washington, DC 20036
T: 202.293.2849
F: 202.293.2849
E: tsaenz@maldef.org / jgomez@maldef.org / dhulett@maldef.org /
asenteno@maldef.org
*Attorneys for Intervenor-Defendants Diana Martinez, Raisa Sequeira, Saulo Corona,*
*Irving Medina, Joey Cardenas, Florinda P. Chavez, and Chicanos Por La Causa*

I hereby certify that on July 19, 2019, I served the foregoing on the following *pro*

*se* Plaintiff via the United States mail in a postage-prepaid and properly addressed

envelope:

Morris J. Brooks, Jr.
2101 W Clinton Avenue
Suite 302
Huntsville, Alabama  35805
*Pro Se Plaintiff*

/s/ Anil A. Mujumdar
OF COUNSEL