FILED

2019 Jul-19  PM 07:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, and | |
| MORRIS J. BROOKS, Jr., Representative for Alabama's 5th Congressional District, | |
| *Plaintiffs*, | |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE; and WILBUR L. ROSS, in his official capacity as Secretary of Commerce | Civil Action No. 2:18-cv-00772-RDP |
| BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON S. JARMIN, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, | |
| *Defendants*, | |
| and | |
| DIANA MARTINEZ; RAISA SEQUEIRA; SAULO CORONA; IRVING MEDINA; JOEY CARDENAS; FLORINDA P. CHAVEZ; and CHICANOS POR LA CAUSA; | |
| COUNTY OF SANTA CLARA, CALIFORNIA; KING COUNTY, WASHINGTON; AND CITY OF SAN JOSÉ, CALIFORNIA, | |
| *Defendant-Intervenors*. | |

## ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, BY MARTINEZ INTERVENORS

1

Defendant-Intervenors Diana Martinez, Raisa Sequeira, Saulo Corona, Irving Medina, Joey Cardenas, Florinda P. Chavez, and Chicanos Por La Causa (collectively, "Martinez Intervenors"), for themselves alone and no other, answer the Complaint for Declaratory and Injunctive Relief of Plaintiffs the State of Alabama, and Morris J. Brooks, Jr., Representative for Alabama's Fifth Congressional District (collectively, "Plaintiffs") as follows:

1.   The allegations contained in Paragraph 1 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 1, except as follows:  Martinez Intervenors admit that on February 8, 2018 the United States Census Bureau ("Census Bureau") issued the 2020 Census Residence Criteria and Residence Situations Rule, which speaks for itself.[1]

2.   The allegations contained in Paragraph 2 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 2.

3.   The allegations contained in Paragraph 3 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 3.

---

[1] The allegations contained in Footnote 1 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Footnote 1, and further answer that, despite the definition provided by Plaintiffs, the term "illegal aliens" is vague and ambiguous. By Plaintiffs' definition, persons "who are present in the United States by virtue of either illegal entry in violation of federal immigration statutes or who have entered the United States legally but have remained present in the country beyond the period of time permitted by federal law," are "illegal aliens," regardless of whether that person later became a naturalized citizen. Plaintiffs' definition could also include persons, including long-term residents, who have a form of protected immigration status issued and recognized by federal immigration authorities.

4.    The allegations contained in Paragraph 4 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 4.

5.    The allegations contained in Paragraph 5 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 5.

## JURISDICTION AND VENUE

6.    The allegations contained in Paragraph 6 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 6, and specifically deny that this Court has subject matter jurisdiction over Plaintiffs' suit.

7.    The allegations contained in Paragraph 7 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 7.

8.    Martinez Intervenors admit that venue is proper in this district.

9.    The allegations contained in Paragraph 9 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 9.

**THE PARTIES**

1.      The allegations contained in Paragraph 1 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 1, except as follows:  Martinez Intervenors admit that the State of Alabama is a sovereign state in the United States and that the attorney general of Alabama is Steve Marshall.

2.      The allegations contained in Paragraph 2 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 3, except as follows:  Martinez Intervenors admit that Morris J. Brooks, Jr., is a plaintiff and is a member of the United States House of Representatives for Alabama's 5th Congressional District.  Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the remaining allegation in Paragraph 2 that Mr. Brooks is registered to vote in the State of Alabama.

3.      Martinez Intervenors admit the allegations stated in Paragraph 3 of the Complaint.

4.      Martinez Intervenors admit the allegations stated in Paragraph 4 of the Complaint.

5.      Martinez Intervenors admit the allegations stated in Paragraph 5 of the Complaint.

6.      Martinez Intervenors admit the allegations stated in Paragraph 6 of the Complaint.

**ALLEGATIONS**

I.     **Allegations Regarding the Constitutional Requirement to Conduct a Census**

7.      The allegations contained in Paragraph 7 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is

necessary, Martinez Intervenors deny each and every allegation in Paragraph 7, except that U.S. Const. art. I, §2, cl. 3 and U.S. Const. amend. XIV, § 2 speak for themselves.

8.      The allegations contained in Paragraph 8 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 8, except that U.S. Const. art. II, §1, cl. 2 and U.S. Const. amend. XII speak for themselves.

9.      The allegations contained in Paragraph 9 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 9, except that 13 U.S.C. § 141 (a)-(b) speaks for itself.

10.     The allegations contained in Paragraph 10 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 10, except that 13 U.S.C. § § 2, 4 speak for themselves.

11.     The allegations contained in Paragraph 11 of the Complaint state legal conclusions, to which no responsive pleading is required.

12.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 12 of the Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required. However, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 12 of the Complaint, except that 13 U.S.C. § 221 speaks for itself.

13.     Martinez Intervenors admit the allegations contained in Paragraph 13 of the Complaint.  2 U.S.C. § 2a(a) speaks for itself.

14.     Martinez Intervenors admit the allegations contained in Paragraph 14 of the Complaint.  2 U.S.C. § 2a(b) speaks for itself.

15.     Martinez Intervenors admit the allegations contained in Paragraph 15 of the Complaint.  2 U.S.C. § 2a(b) speaks for itself.

**II.     Final 2020 Census Residence Criteria and Residence Situations**

16.     Martinez Intervenors admit the allegations contained in Paragraph 16 of the Complaint.

17.     Martinez Intervenors admit the allegations contained in Paragraph 17 of the Complaint.

18.     Martinez Intervenors admit the allegations contained in Paragraph 18 of the Complaint; the referenced Census Residence Criteria speaks for itself.

19.     The allegations contained in Paragraph 19 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 19, except that the referenced Census Residence Criteria speaks for itself.

20.     Martinez Intervenors admit the allegations contained in Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 21, except that the 2 U.S.C. § 2a(a) speaks for itself.

22.     The allegations contained in Paragraph 22 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 22.

23.     The allegations contained in Paragraph 23 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors answer that the term "illegal aliens" is vague and ambiguous, and admit each and every other allegation in Paragraph 23.

24.     Martinez Intervenors admit the allegations stated in Paragraph 24 of the Complaint.

25.     The allegations contained in Paragraph 25 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors admit each and every allegation in Paragraph 25.

26.     The allegations contained in Paragraph 26 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors admit each and every allegation in Paragraph 26.

27.     Martinez Intervenors admit the allegations contained in Paragraph 27 of the Complaint.

28.     Martinez Intervenors admit the allegations contained in Paragraph 28 of the Complaint.

**III.    Allegations Regarding Immigration and Apportionment**

29.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 29 of the Complaint; moreover, the allegations contained in Paragraph 29 of the Complaint state legal conclusions, to

which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 29, except that the referenced Department of Homeland Security ("DHS') document speaks for itself.

30.    The allegations contained in Paragraph 30 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 30, except that the referenced DHS, Pew Research Center, and Center for Migration Studies documents speak for themselves.

31.    The allegations contained in Paragraph 31 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors answer that the term "illegal aliens" is vague and ambiguous, and admit each and every other allegation in Paragraph 31.

32.    The allegations contained in Paragraph 32 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 32, except as follows:  Martinez Intervenors admit that there are 435 seats in the House of Representatives and 2 U.S.C. § 2a(a) speaks for itself.

33.    The allegations contained in Paragraph 33 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 33.

34.    The allegations contained in Paragraph 34 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 34.

35.    The allegations contained in Paragraph 35 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 35.

36.    The allegations contained in Paragraph 36 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 36, except that the referenced DHS document speaks for itself.

37.    The allegations contained in Paragraph 37 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 37.

38.    The allegations contained in Paragraph 38 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 38.

39.    The allegations contained in Paragraph 39 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 39.

40.    The allegations contained in Paragraph 40 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 40, except that the referenced DHS document speaks for itself.

41.    The allegations contained in Paragraph 41 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 41.

42.      The allegations contained in Paragraph 42 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 42.

43.      Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 43 of the Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required. However, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 43, except as follows:  Martinez Intervenors admit that in the 2000 apportionment, 12 congressional seats and electoral college votes changed hands.

44.      The allegations contained in Paragraph 44 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 44.

45.      The allegations contained in Paragraph 45 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 45, except as follows:  Martinez Intervenors admit that in the 2010 apportionment Louisiana, Missouri, and Ohio each lost one seat in the House of Representatives and one vote in the Electoral College, that Montana did not gain a seat in the House of Representatives or an electoral college vote, that California gained two seats in the House of Representatives and electoral college votes, and that Florida and Texas each gained one seat in the House of Representatives and one electoral college vote.

46.     The allegations contained in Paragraph 46 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 46.

47.     The allegations contained in Paragraph 47 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 47.

48.     The allegations contained in Paragraph 48 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 48.

49.     The allegations contained in Paragraph 49 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 49.

**IV.     Plaintiffs' Alleged Harm.**

50.     The allegations contained in Paragraph 50 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 50.

51.     The allegations contained in Paragraph 51 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 51.

52.     Martinez Intervenors admit the allegations stated in Paragraph 52 of the Complaint.

53.     Martinez Intervenors admit the allegations stated in Paragraph 53 of the Complaint.

54.     Martinez Intervenors admit the allegations stated in Paragraph 54 of the Complaint.

55.     Martinez Intervenors admit the allegations stated in Paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 56.

57.     The allegations contained in Paragraph 57 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 57.

58.     The allegations contained in Paragraph 58 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 58.

59.     The allegations contained in Paragraph 59 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 59.

60.     The allegations contained in Paragraph 60 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 60.

61.     The allegations contained in Paragraph 61 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 61.

62.    The allegations contained in Paragraph 62 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 62.

63.    The allegations contained in Paragraph 63 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 63.

64.    The allegations contained in Paragraph 64 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 64.

65.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 65 of the Complaint, specifically, as to whether the "estimates" in the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 65.

66.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 66 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this

paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 66.

67.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 67 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 67.

68.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 68 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 68.

69.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 69 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of

persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 69.

70.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 70 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 70.

71.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 71 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 71.

72.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 72 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers that will be counted in the 2020 Census, the total

numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph. To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 72.

**V.      Plaintiffs' Allegations of Speculated Loss in Federal and Private Funding.**

73.      The allegations contained in Paragraph 73 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 73.

74.      Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 74 of the Complaint, specifically, the estimate of funding and number of programs distributed annually to census-guided federal grant and funding programs; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 74.

75.      Martinez Intervenors admit the allegations contained in Paragraph 75 of the Complaint.  23 U.S.C. § 104(d)(3) speaks for itself.

76.      Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 76 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 76.

77.      Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 77 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 77, except that 49 U.S.C. §§ 5308, 5340 speak for themselves.

78.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 78 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 78.

79.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 79 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 79, except that 45 C.F.R. § 98.63 speaks for itself.

80.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 80 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 80.

81.    The allegations contained in Paragraph 81 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 81.

82.    Martinez Intervenors admit the allegations stated in Paragraph 82 of the complaint.

83.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 83 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 83.

84.    Martinez Intervenors admit the allegations stated in Paragraph 84 of the Complaint.

85.     The allegations contained in Paragraph 85 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 85.

86.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 86 of the Complaint. However, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 86 of the Complaint.

**VI.     Plaintiffs' Challenge to the Census Residence Criteria**

87.     The allegations contained in Paragraph 87 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 87.

**A.  Constitutional Requirements for Apportionment**

88.      Martinez Intervenors admit the allegations stated in Paragraph 88 of the Complaint.  U.S. Const. amend. XIV, § 2, cl. 1 speaks for itself.

89.     Martinez Intervenors admit the allegations stated in Paragraph 89 of the Complaint.  U.S. Const. Art. I, § 2, cl. 3 speaks for itself.

90.     Martinez Intervenors admit the allegations stated in Paragraph 90 of the Complaint.  U.S. Const. Art. II, § 1, cl. 2 speaks for itself.

91.     The allegations contained in Paragraph 91 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 91, except that *Franklin v. Massachusetts*, 505 U.S. 788, 804 (1992) speaks for itself.

92.     The allegations contained in Paragraph 92 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 92.

### 1)  Fourteenth Amendment of the U.S. Constitution.

93.     The allegations contained in Paragraph 93 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 93, except that U.S. Const. amend. XIV speaks for itself.

94.     The allegations contained in Paragraph 94 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 94, except that *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008) speaks for itself.

95.     The allegations contained in Paragraph 95 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 95.

96.     The allegations contained in Paragraph 96 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 96.

97.     The allegations contained in Paragraph 97 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 97.

98.     The allegations contained in Paragraph 98 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 98.

99.     The allegations contained in Paragraph 99 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 99.

> **2)   Requirement to Apportion Congressional Seats Based on Total Number of Persons.**

100.    Martinez Intervenors admit the allegations stated in Paragraph 100 of the Complaint.  U.S. Const. amen. XIV, § 2, cl. 1 speaks for itself.

101.    Martinez Intervenors admit the allegations stated in Paragraph 101 of the Complaint.  U.S. Const. art. I, § 2, cl. 3 speaks for itself.

102.    The allegations contained in Paragraph 102 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 102.

103.    The allegations contained in Paragraph 103 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 103, except that 1 Records of the Federal Convention of 1787 350, 352 (Max Farrand, ed., Yale University Press, 1937) speaks for itself.

104.    The allegations contained in Paragraph 104 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 104.

105.    The allegations contained in Paragraph 105 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 105.

106.    The allegations contained in Paragraph 106 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 106.

107.    The allegations contained in Paragraph 107 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 107.

108.    The allegations contained in Paragraph 108 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 108.

109.    The allegations contained in Paragraph 109 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 109.

110.    The allegations contained in Paragraph 110 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 110.

### 3) Equal Representation Based on Total Population.

111.    The allegations contained in Paragraph 111 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 111, except that *Franklin*, 505 U.S. at 804 speaks for itself.

112.    The allegations contained in Paragraph 112 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 112, except that *Evenwel v. Abbott*, 136 S. Ct. 1120, 1126 (2016) speaks for itself.

113.    The allegations contained in Paragraph 113 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 113.

114.    The allegations contained in Paragraph 114 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 114.

115.    The allegations contained in Paragraph 115 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 115.

116.    The allegations contained in Paragraph 116 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 116.

117.    The allegations contained in Paragraph 117 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 117.

118.    The allegations contained in Paragraph 118 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 118.

119.     The allegations contained in Paragraph 119 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 119.

120.     The allegations contained in Paragraph 120 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 120.

121.     The allegations contained in Paragraph 121 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 121.

122.     The allegations contained in Paragraph 122 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 122.

123.     The allegations contained in Paragraph 123 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 123.

**B.  Alleged Violation of the Administrative Procedure Act (APA).**

124.     The allegations contained in Paragraph 124 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 124, except that 5 U.S.C. § 706(2) speaks for itself.

125.     The allegations contained in Paragraph 125 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 125,

except that *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983) speaks for itself.

126.    The allegations contained in Paragraph 126 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 126, except that *Multicultural Media, Telecom, and Internet Council v. FCC*, 873 F.3d 932, 936 (D.C. Cir. 2017) and Residence Rule, 83 Fed. Reg. 5525, at 5526 speak for themselves.

127.    The allegations contained in Paragraph 127 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 127, except that *Multicultural Media, Telecom, & Internet Council v. FCC*, 873 F.3d at 937 and the Census Residence Criteria speak for themselves.

128.    The allegations contained in Paragraph 128 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 128, except that *Int'l Union, United Mine Workers of Am. v. Mine Safety & Health Admin.*, 626 F.3d 84, 94 (D.C. Cir. 2010) speaks for itself.

129.    The allegations contained in Paragraph 129 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 129, except that the Census Residence Criteria and *Sierra Club v. Envtl. Prot. Agency*, 863 F.3d 834, 838-39 (D.C. Cir. 2017) speak for themselves.

130.     The allegations contained in Paragraph 130 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 130.

131.     The allegations contained in Paragraph 131 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 131, except that the Census Residence Criteria speaks for itself.

132.     The allegations contained in Paragraph 132 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 132.

**C.  Alleged Violation of the APA For Action in Excess of Statutory Authority.**

133.     The allegations contained in Paragraph 133 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 133, except that 5 U.S.C. § 706(2)(C) speaks for itself.

134.     The allegations contained in Paragraph 134 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 134, except that 13 U.S.C. § 141(a)-(b) speaks for itself.

135.     The allegations contained in Paragraph 135 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 135,

except that *Johnson v. Governor of Florida*, 405 F.3d 1214, 1229 (11th Cir. 2005) speaks for itself.

136.    The allegations contained in Paragraph 136 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 136.

137.    The allegations contained in Paragraph 137 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 137.

138.    The allegations contained in Paragraph 138 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 138.

139.    The allegations contained in Paragraph 139 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 139.

## FIRST CAUSE OF ACTION

**Alleged Violation of the Fourteenth Amendment (Congressional Apportionment)**

140.    Answering Paragraph 140 of the Complaint, Martinez Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-139 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth herein.

141.    The allegations contained in Paragraph 141 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 141, except that U.S. Const. amend. XIV speaks for itself.

142.     The allegations contained in Paragraph 142 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 142.

## SECOND CAUSE OF ACTION

**Alleged Violation of the Fourteenth Amendment, Article I, § 2, and Article II, § 1**

**(Electoral College Apportionment)**

143.     Answering Paragraph 143 of the Complaint, Martinez Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-142 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth herein.

144.     The allegations contained in Paragraph 144 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 144, except that U.S. Const. art II, § 1, cl. 2 speaks for itself.

145.     The allegations contained in Paragraph 145 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 145.

## THIRD CAUSE OF ACTION

**Alleged Violation of Article I, § 2 (Actual Enumeration)**

146.     Answering Paragraph 146 of the Complaint, Martinez Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth

above in the answers to Paragraphs 1-145 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth herein.

147.    The allegations contained in Paragraph 147 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 147, except that U.S. Const. art. I, § 2, cl. 3 and U.S. Const. amend. XIV speak for themselves.

148.    The allegations contained in Paragraph 148 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 148.

## FOURTH CAUSE OF ACTION

### Alleged Violation of the APA (Arbitrary and Capricious)

149.    Answering Paragraph 149 of the Complaint, Martinez Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-148 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth herein.

150.    The allegations contained in Paragraph 150 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 150, except that 5 U.S.C. § 706(2)(A) speaks for itself.

151.    The allegations contained in Paragraph 151 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 151.

152.     The allegations contained in Paragraph 152 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 152.

## FIFTH CAUSE OF ACTION

### Alleged Violation of the APA (Contrary to Law)

153.     Answering Paragraph 153 of the Complaint, Martinez Intervenors repeat and incorporate herein by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-152 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth herein.

154.     The allegations contained in Paragraph 154 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 154, except that 5 U.S.C. § 706(2)(C) speaks for itself.

155.     The allegations contained in Paragraph 155 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 155.

156.     The allegations contained in Paragraph 156 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 156.

157.     The allegations contained in Paragraph 157 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 157.

## PRAYER FOR RELIEF

To the extent that any response is required to Plaintiffs' separate Prayer for Relief, Martinez Intervenors deny each and every allegation contained in the Prayer for Relief, and further deny that the Plaintiffs are entitled to declaratory relief, injunctive relief, or any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to all causes of action purported to be set forth by Plaintiffs in the Complaint, Martinez Intervenors allege as follows, subject to Martinez Intervenor's right to amend and assert such other affirmative defenses as may become available during discovery in this action:

### FIRST AFFIRMATIVE DEFENSE:  LACK OF STANDING

This Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot show the injury and redressability necessary to assert standing.

### SECOND AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

Plaintiffs' claim, as set forth in the Complaint, fails to state facts sufficient to constitute a cause of action against Defendants.

### THIRD AFFIRMATIVE DEFENSE:  LACHES

Some or all of Plaintiffs' claims are barred under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE:  UNCLEAN HANDS

Plaintiffs singed HB 56 into law in June 2011.  AL Act 2011-535.  The stated purpose of the law is to "discourage illegal immigration within the state."  *U.S. v. Alabama*, 691 F.3d 1269 (11th Cir. 2012), *cert. denied*, 569 U.S. 968 (2013).  Plaintiffs are now claiming that their decision to drive immigrants and their families out of Alabama is causing them political and

financial loss.  By virtue of Plaintiffs' own careless conduct, Plaintiffs should be barred from recovering against Defendants by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE:  RESERVATION OF RIGHTS

Because the Complaint is couched in conclusory terms, Martinez Intervenors cannot fully anticipate all affirmative defenses that may be applicable to the claims asserted therein. Accordingly, Martinez Intervenors reserve the right to assert additional affirmative defenses to the complaint, whether under law, equity, or otherwise, if and to the extent that such affirmative defenses are discovered and apply.

**WHEREFORE**, Martinez Intervenors respectfully request as follows:

1. That Plaintiffs' Complaint and the cause of action therein be dismissed with prejudice;

2. That Plaintiffs take nothing by way of the Complaint;

3. That Martinez Intervenors be awarded costs of the suit and attorneys' fees herein; and

4. That the Court order such other and further relief for Martinez Intervenors as the Court may deem appropriate.


Dated: July 19, 2019                                  Respectfully submitted,
                                                      */s/ Andrea Senteno*

                                                      Thomas A. Saenz (CA Bar No. 159430)*
                                                      Denise Hulett (CA Bar No. 121553)*
                                                      Andrea Senteno (NY Bar No. 5285341)*
                                                      Julia Gomez (CA Bar No. 316270)*
                                                      MEXICAN AMERICAN LEGAL
                                                      DEFENSE AND EDUCATIONAL FUND
                                                      634 S. Spring St. #1100
                                                      Los Angeles, CA 90014
                                                      Telephone: (213) 629-2512

Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
       dhulett@maldef.org
       asenteno@maldef.org
       jgomez@maldef.org

Edward Still
Bar. No. ASB-4786- 147W
still@votelaw.com
429 Green Springs Hwy STE 161-304
Birmingham, AL 35209
Telephone: (205) 320-2882
Facsimile: (205) 320-2882

James U. Blacksher
Bar No. ASB-2381-S82J
jblacksher@ns.sympatico.ca
P.O. Box 636
Birmingham, AL 35201
Telephone: (205) 591-7238
Facsimile: (866) 845-4395

Counsel for Martinez Intervenors
* *Admitted* Pro hac vice

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all CM/ECF registrants.  I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Morris J. Brooks, Jr.
> P.O. Box 4678
> Huntsville, AL 35815

Date: July 19, 2019                    /s/ Andrea Senteno
                                       Andrea Senteno
                                       **MEXICAN AMERICAN LEGAL**
                                       **DEFENSE AND EDUCATIONAL FUND**
                                       1016 16th Street NW, Suite 100
                                       Washington, DC 20036
                                       Phone: (202) 293-2828
                                       asenteno@maldef.org

                                       Counsel for Martinez Intervenors