FILED
2019 Aug-12  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

STATE OF ALABAMA, et al.,

      Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF COMMERCE, et al.,

      Defendants,

DIANA MARTINEZ, et al.,

      Defendant-Intervenors,

and

COUNTY OF SANTA CLARA,
CALIFORNIA, et al.,

      Defendant-Intervenors.

Case No.:  2:18-cv-00772-RDP

**MOVANTS' PROPOSED ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

The State of New York; State of California; State of Colorado; State of Connecticut;

District of Columbia; State of Illinois; Commonwealth of Massachusetts; State of Minnesota;

State of Nevada; State of New Jersey; State of New Mexico; State of Oregon; State of Rhode

Island; State of Vermont; Commonwealth of Virginia; State of Washington; Cameron County,

Texas; Central Falls, Rhode Island; Chicago, Illinois; Hidalgo County, Texas; Monterey County,

California; New York, New York; Philadelphia, Pennsylvania; Providence, Rhode Island;

Seattle, Washington; and the United States Conference of Mayors (collectively, the "Proposed

Defendant-Intervenors") hereby submit their Answer and Defenses to Plaintiffs' Complaint

(Doc. # 1) as follows:

## INTRODUCTION

1.     Deny the allegations of the first two sentences of paragraph 1 of the Complaint,

and respectfully refer the Court to the Federal Register as the best statement of the referenced

provisions.[1]  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of the last sentence of paragraph 1.

2.     Neither admit nor deny the allegations of paragraph 2 of the Complaint as they

consist of legal conclusions to which no response is required, and respectfully refer the Court to

the referenced provisions of the United States Constitution and the referenced regulation as the

best statement of their contents and meaning.

3.     Deny the allegations of paragraph 3 of the Complaint, except neither admit nor

deny those allegations insofar as they consist of legal conclusions to which no response is

required and respectfully refer the Court to the referenced provisions of the U.S. Constitution

and the referenced regulation as the best statement of their contents and meaning.

---

[1] Throughout, where the Complaint refers to "illegal aliens," the Proposed Defendant-Intervenors will use the term "undocumented immigrants."

4.      Neither admit nor deny the allegations of the first sentence of paragraph 4 of the Complaint as they are limited to characterizations of the instant action and legal conclusions to which no response is required.  Admit that Plaintiffs seek the relief described in the second sentence of paragraph 4 of the Complaint but deny that that they are entitled to such relief, and neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced provisions of the U.S. Constitution and the referenced regulation as the best statement of their contents and meaning.

5.      Admit that Plaintiffs seek the relief described in paragraph 5 of the Complaint but deny that they are entitled to such relief, and neither admit nor deny the allegations of paragraph 5 of the Complaint insofar as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statutes and the referenced regulation as the best statement of their contents and meaning.

## JURISDICTION AND VENUE

6.      Neither admit nor deny the allegations of paragraph 6 of the Complaint insofar as they consist of legal conclusions to which no response is required.

7.      Admit that Plaintiffs seek the relief described in paragraph 7 of the Complaint but deny that they are entitled to such relief, and neither admit nor deny the allegations of paragraph 7 of the Complaint insofar as they consist of legal conclusions to which no response is required.

8.      Neither admit nor deny the allegations of the first sentence of paragraph 8 of the Complaint as they consist of legal conclusions to which no response is required.  Admit the allegations of the second sentence of paragraph 8 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 8 of the Complaint.

9.      Admit that Plaintiffs seek the relief described in paragraph 9 of the Complaint but deny that they are entitled to such relief, and neither admit nor deny the allegations of paragraph 9 of the Complaint insofar as they consist of legal conclusions to which no response is required.

## THE PARTIES

1.      Admit the allegations in the first sentence of the second paragraph 1 of the Complaint.  Neither admit nor deny the remaining allegations of the second paragraph 1 of the Complaint as they consist of legal conclusions to which no response is required.[2]

2.      Admit the allegations of the first two sentences of the second paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief as to Representative Brooks' voter registration.  Deny the allegations of the third sentence of the second paragraph 2 of the Complaint.

3.      Admit the allegations of the second paragraph 3 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required.

4.      Admit the allegations of the second paragraph 4 of the Complaint.

5.      Admit the allegations of the second paragraph 5 of the Complaint.

6.      Admit the allegations of the second paragraph 6 of the Complaint.

## ALLEGATIONS

7.      Neither admit nor deny the allegations of the second paragraph 7 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced provisions of the U.S. Constitution as the best statement of their contents and meaning.

---

[2] As the numbering of the paragraphs of the Complaint restarts at 1 at the beginning of the section headed "The Parties," the paragraphs of this Answer are numbered to correspond.

8.      Neither admit nor deny the allegations of the second paragraph 8 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced provisions of the U.S. Constitution as the best statement of their contents and meaning.

9.      Neither admit nor deny the allegations of the second paragraph 9 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

10.     Neither admit nor deny the allegations of paragraph 10 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

11.     Neither admit nor deny the allegations of paragraph 11 of the Complaint as they consist of legal conclusions to which no response is required.

12.     Deny the allegations of paragraph 12 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

13.     Neither admit nor deny the allegations of paragraph 13 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

14.     Neither admit nor deny the allegations of paragraph 14 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

15.     Neither admit nor deny the allegations of paragraph 15 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

16.     Admit the allegations of paragraph 16 of the Complaint.

17.     Deny the allegations of the first sentence of paragraph 17 of the Complaint. Neither admit nor deny the allegations of the second sentence of paragraph 17 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

18.     Neither admit nor deny the allegations of paragraph 18 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

19.     Admit the allegations of paragraph 19 of the Complaint.

20.     Neither admit nor deny the allegations of paragraph 20 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute and regulation as the best statement of their contents and meaning.

21.     Neither admit nor deny the allegations of paragraph 21 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

22.     Neither admit nor deny the allegations of paragraph 22 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.     Admit the allegations of paragraph 24 of the Complaint except affirmatively aver that Defendant Ross's memorandum announcing the decision to ask a question regarding citizenship status on the 2020 Census was dated March 26, 2018.

25.     Admit the allegations of paragraph 25 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

27.     Neither admit nor deny the allegations of Paragraph 27 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

28.     Neither admit nor deny the allegations of Paragraph 28 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

29.     Deny the allegations of the first sentence of paragraph 29 of the Complaint as it is vaguely and ambiguously stated.  Admit the remaining allegations of paragraph 29 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

30.     Deny the allegations of the first and third sentences of paragraph 30 of the Complaint as they are vaguely and ambiguously stated.  Admit the remaining allegations of paragraph 30 of the Complaint insofar as they are consistent with the documents cited, otherwise

deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

   31. Admit the allegations of paragraph 31 of the Complaint.

   32. Admit the allegations of the first two sentences of paragraph 32 of the Complaint. Neither admit nor deny the remaining allegations of paragraph 32 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

   33. Deny the allegations of the first sentence of paragraph 33 of the Complaint as they are vaguely and ambiguously stated, but affirmatively aver that undocumented immigrants are not uniformly distributed within the United States.  Admit the allegations of the second sentence of paragraph 33 of the Complaint.

   34. Admit the allegations of paragraph 34 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

   35. Admit the allegations of paragraph 35 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

   36. Admit the allegations of paragraph 36 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

   37. Deny the allegations of paragraph 37 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required.

38.     Neither admit nor deny the allegations of paragraph 38 of the Complaint insofar as they consist of legal conclusions to which no response is required, except admit that the number of electors to which a state is entitled in the Electoral College is partially determined by the size of its congressional delegation.

39.     Admit the allegations of paragraph 39 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

40.      Admit the allegations of paragraph 40 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

41.     Deny the allegations of paragraph 41 of the Complaint.

42.     Deny the allegations of paragraph 42 of the Complaint and respectfully refer the Court to the documents cited as the best statement of their contents and meaning.

43.     Admit the allegations of the first sentence of paragraph 43 of the Complaint. Deny the remaining allegations of paragraph 43 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required.

44.     Deny the allegations of paragraph 44 of the Complaint.

45.     Admit the allegations of paragraph 45 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

46.     Deny the allegations of paragraph 46 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required.

47.     Deny the allegations of paragraph 47 of the Complaint and respectfully refer the Court to the cited documents as the best statement of their contents and meaning.

48.     Deny the allegations of paragraph 48 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions to which no response is required.

49.     Deny the allegations of paragraph 49 of the Complaint.

50.     Deny the allegations of paragraph 50 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether Alabama will lose a seat in the House of Representatives if all persons resident in the United States are enumerated for apportionment purposes as required by the United States Constitution.

51.     Deny the allegations of paragraph 51 of the Complaint as they are vaguely and ambiguously stated, and deny knowledge or information sufficient to form a belief as to the accuracy of the proposed method.

52.     Admit the allegations of paragraph 52 of the Complaint and respectfully refer the Court to the case cited as the best statement of its contents and meaning.

53.     Admit the allegations of paragraph 53 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

54.     Neither admit nor deny the allegations of Paragraph 54 of the Complaint as they consist of legal conclusions to which no response is required, and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

55.     Admit the allegations of Paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint.

9

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint.

59.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 60 of the Complaint.  Deny the allegations of the second sentence of paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64.     Deny the allegations of paragraph 64 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

65.     Deny the allegations of paragraph 65 of the Complaint and deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

66.     Deny the allegations of paragraph 66 of the Complaint and deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

67.     Deny the allegations of paragraph 67 of the Complaint, deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

68.     Deny the allegations of paragraph 68 of the Complaint and deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

69.     Deny the allegations of paragraph 69 of the Complaint as they are vaguely and ambiguously stated, and deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

70.     Deny the allegations of paragraph 70 of the Complaint as they are vaguely and ambiguously stated, and deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

71.     Deny the allegations of paragraph 71 of the Complaint as they are vaguely and ambiguously stated, and deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

72.     Deny the allegations of paragraph 72 of the Complaint as they are vaguely and ambiguously stated, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response, and deny knowledge or information sufficient to form a belief as to the source or reliability of the population estimate therein.

73.     Deny the allegations of paragraph 73 of the Complaint.

74.     Admit the allegations of the first two sentences of paragraph 74 of the Complaint. Deny the allegations of the third sentence of paragraph 74 of the Complaint.

75.     Admit the allegations of paragraph 75 of the Complaint and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint.

77.     Admit the allegations of paragraph 77 of the Complaint and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint.

79.     Admit the allegations of paragraph 79 of the Complaint and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Complaint.

82.     Admit the allegations of paragraph 82 of the Complaint.

83.     Deny the allegations of paragraph 83 of the Complaint as they are vaguely and ambiguously stated, and deny knowledge or information sufficient to form a belief as to the accuracy of those allegations as a representation of the referenced estimate.

84.     Admit the allegations of paragraph 84 of the Complaint.

85.     Deny the allegations of paragraph 85 of the Complaint and deny knowledge or information sufficient to form a belief as to the details of how non-governmental organizations will distribute funds in the future.

86.     Deny the allegations of paragraph 86 of the Complaint and deny knowledge or information sufficient to form a belief as to the details of how non-governmental organizations will distribute funds in the future.

12

87.     Deny the allegations of paragraph 87 of the Complaint except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response, and respectfully refer the Court to the referenced provisions of the U.S. Constitution, statute, and regulation as the best statement of their contents and meaning.

88.     Neither admit nor deny the allegations of paragraph 88 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

89.     Neither admit nor deny the allegations of paragraph 89 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

90.     Neither admit nor deny the allegations of paragraph 90 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

91.     Neither admit nor deny the allegations of paragraph 91 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the case cited as the best statement of its contents and meaning.

92.     Deny the allegations of paragraph 92 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

93.     Deny the allegations of paragraph 93 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response, and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

94.     Deny the allegations of paragraph 94 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response, and

respectfully refer the Court to the referenced provisions of the U.S. Constitution and the cited case as the best statement of their contents and meaning.

95.     Deny the allegations of paragraph 95 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

96.     Deny the allegations of paragraph 96 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response, and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

97.     Deny the allegations of paragraph 97 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

98.     Deny the allegations of paragraph 98 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

99.     Deny the allegations of paragraph 99 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

100.     Neither admit nor deny the allegations of paragraph 100 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

101.     Neither admit nor deny the allegations of paragraph 101 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

102.     Deny the allegations of paragraph 102 of the Complaint as they are vaguely and ambiguously stated.

103.     Admit the allegations of paragraph 103 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.

104.     Deny the allegations of paragraph 104 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

105.     Deny the allegations of paragraph 105 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

106.     Deny the allegations of paragraph 106 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

107.     Neither admit nor deny the allegations of paragraph 107 of the Complaint as they consist of legal conclusions requiring no response.

108.     Deny the allegations of paragraph 108 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

109.     Deny the allegations of paragraph 109 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

110.    Deny the allegations of paragraph 110 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

111.    Neither admit nor deny the allegations of paragraph 111 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the cited case as the best statement of its contents and meaning.

112.    Neither admit nor deny the allegations of paragraph 112 of the Complaint as it consists of legal conclusions requiring no response and respectfully refer the Court to the cited case as the best statement of its contents and meaning.

113.    Deny the allegations of paragraph 113 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

114.    Deny the allegations of paragraph 114 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

115.    Deny the allegations of paragraph 115 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response

116.    Deny the allegations of paragraph 116 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 of the Complaint.

119.    Deny the allegations of paragraph 119 of the Complaint.

120.     Deny the allegations of paragraph 120 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response.

121.     Deny the allegations of paragraph 121 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

122.      Deny the allegations of paragraph 122 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

123.     Deny the allegations of paragraph 123 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

124.     Neither admit nor deny the allegations of paragraph 124 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

125.     Deny the allegations of paragraph 125 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the cited case and the referenced regulation as the best statement of their contents and meaning.

126.     Deny the allegations of paragraph 126 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and

respectfully refer the Court to the cited case and the referenced regulation as the best statement of their contents and meaning.

127.    Deny the allegations of paragraph 127 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the cited case and the referenced regulation as the best statement of their contents and meaning.

128.    Deny the allegations of paragraph 128 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the cited case as the best statement of its contents and meaning.

129.    Admit the allegations of the first four sentences of paragraph 129 of the Complaint insofar as they are consistent with the documents cited, otherwise deny those allegations, and respectfully refer the Court to those documents as the best statement of their contents and meaning.  Deny the allegations of the fifth and sixth sentences of paragraph 129 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the cited case and to the referenced regulation as the best statement of their contents and meaning.

130.    Deny the allegations of paragraph 130 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

131.    Deny the allegations of paragraph 131 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

132.    Deny the allegations of paragraph 132 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute and regulation as the best statement of their contents and meaning.

133.    Neither admit nor deny the allegations of paragraph 133 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

134.    Neither admit nor deny the allegations of paragraph 134 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

135.    Neither admit nor deny the allegations of paragraph 135 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the cited case as the best statement of its contents and meaning.

136.    Deny the allegations of paragraph 136 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute and provisions of the U.S. Constitution as the best statement of their contents and meaning.

137.    Deny the allegations of paragraph 137 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

138.    Deny the allegations of paragraph 138 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and

respectfully refer the Court to the referenced statute and regulation as the best statement of their contents and meaning.

139.     Deny the allegations of paragraph 139 of the Complaint.

## FIRST CAUSE OF ACTION

### Violation of the Fourteenth Amendment (Congressional Apportionment)

140.     Proposed Defendant-Intervenors repeat and reassert their responses to Paragraphs 1–9 and 1–139 as though fully set forth herein.

141.     Neither admit nor deny the allegations of paragraph 141 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

142.     Deny the allegations of paragraph 142 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

## SECOND CAUSE OF ACTION

### Violation of the Fourteenth Amendment, Article I, § 2, and Article II, § 1 (Electoral College Apportionment)

143.     Proposed Defendant-Intervenors repeat and reassert their responses to Paragraphs 1–9 and 1–142 as though fully set forth herein.

144.     Neither admit nor deny the allegations of paragraph 144 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

145.     Deny the allegations of paragraph 145 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and

respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

## THIRD CAUSE OF ACTION

### Violation of Article I, § 2 (Actual Enumeration)

146.    Proposed Defendant-Intervenors repeat and reassert their responses to Paragraphs 1–9 and 1–145 as though fully set forth herein.

147.    Neither admit nor deny the allegations of paragraph 147 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution as the best statement of its contents and meaning.

148.    Deny the allegations of paragraph 148 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced provision of the U.S. Constitution and regulation as the best statement of their contents and meaning.

## FOURTH CAUSE OF ACTION

### Violation of the APA (Arbitrary and Capricious)

149.    Proposed Defendant-Intervenors repeat and reassert their responses to Paragraphs 1–9 and 1–148 as though fully set forth herein.

150.    Neither admit nor deny the allegations of paragraph 150 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

151.    Deny the allegations of paragraph 151 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

21

152.    Deny the allegations of paragraph 152 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute and regulation as the best statement of their contents and meaning.

## FIFTH CAUSE OF ACTION

### Violation of the APA (Contrary to Law)

153.    Proposed Defendant-Intervenors repeat and reassert their responses to Paragraphs 1–9 and 1–152 as though fully set forth herein.

154.    Neither admit nor deny the allegations of paragraph 154 of the Complaint as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statute as the best statement of its contents and meaning.

155.    Deny the allegations of paragraph 155 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statutes as the best statement of their contents and meaning.

156.    Deny the allegations of paragraph 156 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced regulation as the best statement of its contents and meaning.

157.    Deny the allegations of paragraph 157 of the Complaint, except neither admit nor deny those allegations insofar as they consist of legal conclusions requiring no response and respectfully refer the Court to the referenced statutes and regulation as the best statement of their contents and meaning.

## AFFIRMATIVE DEFENSES

158.     Proposed Defendant-Intervenors assert the following affirmative defenses, which apply to each and every cause of action asserted in the Complaint to which such defense may be applicable.  By virtue of alleging these further defenses, Proposed Defendant-Intervenors do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.

159.     Except as otherwise specifically stated above, Proposed Defendant-Intervenors deny each and every allegation contained in the Complaint.

160.     Plaintiffs are not entitled to any relief as to any of the Counts set forth in the Complaint.

161.     Plaintiffs' Complaint fails in whole or in part to state a claim upon which relief can be granted.

162.     This Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot demonstrate injury-in-fact, traceability, or redressability as necessary to assert standing.

163.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

164.     Plaintiffs' claims are waived for failure to present them to the Commerce Department or Census Bureau during public comment on the proposed Residence Rule.

## RESERVATION OF DEFENSES

165.     Proposed Defendant-Intervenors reserve the right to amend this Answer and to assert additional defenses or to supplement, alter, or edit this Answer, or to assert any counterclaims.

**WHEREFORE**, Proposed Defendant-Intervenors pray for judgment as follows:

1.     That Plaintiffs' claims be dismissed with prejudice in their entirety;

2.     That judgment be entered in favor of Proposed Defendant-Intervenors;

3.      For such other and further relief as the Court deems just and proper.

DATED:  August 12, 2019                    Respectfully submitted,

                                           LETITIA JAMES
                                           *Attorney General of the State of New York*

*/s/ Joyce White Vance*                    By: */s/ Matthew Colangelo*
Joyce White Vance                          Matthew Colangelo*
101 Paul W. Bryant Drive                       *Chief Counsel for Federal Initiatives*
Tuscaloosa, AL 35487                       Elena Goldstein,* *Senior Trial Counsel*
jvance@law.ua.edu                          Elizabeth Morgan*
                                               *Assistant Attorney General*
*/s/ Barry A. Ragsdale*                    Ajay Saini,* *Assistant Attorney General*
Barry A. Ragsdale                          Office of the New York State Attorney General
SIROTE & PERMUTT, PC                       28 Liberty Street
2311 Highland Avenue South                 New York, NY 10005
Birmingham, AL 35205                       Phone: (212) 416-6057
Phone: (205) 930-5100                      Matthew.Colangelo@ag.ny.gov
Fax: (205) 930-5101
bragsdale@sirote.com                       *Attorneys for the State of New York*

XAVIER BECERRA                             PHILIP J. WEISER
*Attorney General of California*           *Attorney General of the State of Colorado*

*/s/   Gabrielle D. Boutin*                Eric R. Olson, *Solicitor General*
Gabrielle D. Boutin*                       1300 Broadway, 10th Floor
    *Deputy Attorney General*              Denver, CO 80203
Anthony R. Hakl                            Phone: (720) 508-6548
    *Supervising Deputy Attorney General*  eric.olson@coag.gov
R. Matthew Wise, *Deputy Attorney General*
California Department of Justice            *Attorneys for the State of Colorado*
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Phone: (916) 210-6053
Gabrielle.Boutin@doj.ca.gov

*Attorneys for the State of California*

WILLIAM TONG
*Attorney General of Connecticut*

Mark F. Kohler, *Assistant Attorney General*
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06106
Phone: (860) 808-5020
Mark.Kohler@ct.gov

*Attorneys for the State of Connecticut*

KARL A. RACINE
*Attorney General for the District of Columbia*

Valerie M. Nannery
  *Assistant Attorney General*
Public Advocacy Division
Office of the Attorney General for
the District of Columbia
441 4th Street, N.W., Suite 630 South
Washington, DC 20001
Phone: (202) 724-6610
valerie.nannery@dc.gov

*Attorneys for the District of Columbia*

KWAME RAOUL
*Attorney General of the State of Illinois*

Jeff VanDam, *Public Interest Counsel*
Office of the Illinois Attorney General
100 West Randolph Street, 12th Floor
Chicago, IL 60601
Phone: (312) 814-1188
JVanDam@atg.state.il.us

*Attorneys for the State of Illinois*

MAURA HEALEY
*Attorney General of the Commonwealth of Massachusetts*

By: /s/ *Ann E. Lynch*
Ann E. Lynch,* *Assistant Attorney General*
Miranda Cover,* *Assistant Attorney General*
Public Protection & Advocacy Bureau
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
Phone: (617) 727-2200
Ann.lynch@mass.gov

*Attorneys for the Commonwealth of Massachusetts*

KEITH ELLISON
*Attorney General of the State of Minnesota*

Jacob Campion, *Assistant Attorney General*
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Phone: (651) 757-1459
jacob.campion@ag.state.mn.us

*Attorneys for the State of Minnesota*

AARON D. FORD
*Attorney General of the State of Nevada*

Heidi Parry Stern, *Solicitor General*
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Phone: (775) 684-1100
HStern@ag.nv.gov

*Attorneys for the State of Nevada*

GURBIR S. GREWAL
*Attorney General of the State of New Jersey*

Glenn J. Moramarco
  *Assistant Attorney General*
Katherine A. Gregory
  *Deputy Attorney General*
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor, West Wing
Trenton, NJ 08625-0080
Phone: (609) 292-4925
Glenn.Moramarco@law.njoag.gov

*Attorneys for the State of New Jersey*

ELLEN F. ROSENBLUM
*Attorney General of the State of Oregon*

Nicole deFever
Scott Kaplan
  *Senior Assistant Attorney General*
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301
Phone: (971) 673-1800
Nicole.defever@doj.state.or.us

*Attorneys for the State of Oregon*

THOMAS J. DONOVAN, JR.
*Attorney General of the State of Vermont*

Benjamin D. Battles*, Solicitor General*
Julio A. Thompson
  *Assistant Attorney General, Civil Rights Unit*
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-5500
Benjamin.Battles@vermont.gov

*Attorneys for the State of Vermont*

HECTOR BALDERAS
*Attorney General of New Mexico*

Tania Maestas
  *Chief Deputy Attorney General*
Nicholas M. Sydow, *Civil Appellate Chief*
Jennie Lusk
  *Bureau Chief, Civil Rights Bureau*
408 Galisteo Street
Santa Fe, NM 87501
Phone: (505) 490-4060
tmaestas@nmag.gov

*Attorneys for the State of New Mexico*

PETER F. NERONHA
*Attorney General of the State of Rhode Island*

Justin Sullivan
  *Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
Phone: (401) 274-4400
jjsullivan@riag.ri.gov

*Attorneys for the State of Rhode Island*

MARK R. HERRING
*Attorney General of the Commonwealth of Virginia*

Michelle S. Kallen, *Deputy Solicitor General*
Toby J. Heytens, *Solicitor General*
Martine E. Cicconi, *Deputy Solicitor General*
Brittany M. Jones, *John Marshall Fellow*
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Phone: (804) 786-7240
SolicitorGeneral@oag.state.va.us

*Attorneys for the Commonwealth of Virginia*

ROBERT W. FERGUSON
*Attorney General of the State of Washington*

Laura K. Clinton, *Assistant Attorney General*
Andrew R. W. Hughes
  *Assistant Attorney General*
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 233-3383
LauraC5@atg.wa.gov

*Attorneys for the State of Washington*

MATTHEW JERZYK
*City Solicitor for the City of Central Falls*
City of Central Falls
580 Broad Street
Central Falls, RI 02863
Phone: (401) 727-7422
MJerzyk@CentralFallsRI.us

*Attorney for the City of Central Falls*

MARK A. FLESSNER
*Corporation Counsel of the City of Chicago*

Stephen Kane, *Deputy Corporation Counsel*
Rebecca Hirsch, *Assistant Corporation Counsel*
City of Chicago Law Department
Affirmative Litigation Division
121 N. LaSalle Street, Room 600
Chicago, IL 60602
Phone: (312) 744-6934
Stephen.kane@cityofchicago.org

*Attorneys for the City of Chicago*

ZACHARY W. CARTER
*Corporation Counsel of the City of New York*

Tonya Jenerette
  *Deputy Chief for Strategic Litigation*
100 Church Street
New York, NY 10007
Phone: (212) 356-4055
tjeneret@law.nyc.gov

*Attorneys for the City of New York*

MARCEL S. PRATT
*City Solicitor of the City of Philadelphia*

Benjamin H. Field
  *Divisional Deputy City Solicitor*
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
Phone: (215) 683-5003
marcel.pratt@phila.gov

*Attorneys for the City of Philadelphia*

JEFFREY DANA
*City Solicitor of the City of Providence*
City of Providence
444 Westminster Street
Providence, RI 02903
Phone: (401) 680-5333
Jdana@providenceri.gov

*Attorney for the City of Providence*

PETER S. HOLMES
*Seattle City Attorney*

Gary T. Smith, *Assistant City Attorney*
Erica R. Franklin, *Assistant City Attorney*
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
Phone: (206) 684-8200
Gary.Smith@seattle.gov

*Attorneys for the City of Seattle*

CHARLES J. McKEE
*Monterey County Counsel*

William M. Litt, *Deputy County Counsel*
Office of the County Counsel
County of Monterey
168 West Alisal Street, 3rd Floor
Salinas, CA 93901
Phone: (831) 755-5045
McKeeCJ@co.monterey.ca.us

*Attorneys for Monterey County*

ROLANDO L. RIOS
*Special Counsel for Cameron and Hidalgo
Counties*
110 Broadway, Suite 355
San Antonio, TX 78205
Phone: (210) 222-2102
rrios@rolandorioslaw.com

*Attorney for Cameron County, Texas and
Hidalgo County, Texas*

UNITED STATES CONFERENCE OF
MAYORS

John Daniel Reaves, *General Counsel*
U.S. Conference of Mayors
1750 K Street NW, 11th Floor
Washington, DC 20006
Phone: (202) 887-1100
jdreavesoffice@gmail.com

*Attorney for the U.S. Conference of Mayors*

*\*Application for admission pro hac vice forthcoming*