IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
**SOUTHERN DIVISION**

| | |
|---|---|
| STATE OF ALABAMA, and MORRIS J. BROOKS, JR., Representative for Alabama's 5th Congressional District, <br><br>    *Plaintiff*s, <br>  v. <br><br>UNITED STATES DEPARTMENT OF COMMERCE; and WILBUR L. ROSS, in his official capacity as Secretary of Commerce; BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and STEVEN DILLINGHAM, in his official capacity as Director of the U.S. Census Bureau, <br><br>    *Defendants*, <br>and <br><br>DIANA MARTINEZ; RAISA SEQUEIRA; SAULO CORONA; IRVING MEDINA; JOEY CARDENAS; FLORINDA P. CHAVEZ; and CHICANOS POR LA CAUSA; <br><br>COUNTY OF SANTA CLARA, CALIFORNIA; KING COUNTY, WASHINGTON; and CITY OF SAN JOSÉ, CALIFORNIA, <br><br>    *Defendant-Intervenors*. | Civil Action No. 2:18-cv-00772-RDP |

**<u>JOINT STATUS REPORT</u>**

In response to the Court's order on July 23, 2019, the parties have conferred and now submit this joint report stating their respective positions regarding how this case should proceed. The parties conferred through telephone conference calls on August 9 and August 14, 2019. Representatives from each party participated in each call.

**Plaintiffs' Position**

Plaintiffs the State of Alabama and Representative Morris Brooks take the position that discovery on issues of standing and possible remedies should begin promptly. Plaintiffs do not presently anticipate needing discovery on the merits of their claims.

Plaintiffs propose that when standing discovery is complete, the parties submit motions for summary judgment that address both standing and the merits. This approach would allow the Court to resolve all substantive issues in one order, which would also allow standing and merits issues to be addressed in any potential appeal. If after considering summary judgment motions, the Court concludes that material issues of fact exist as to standing, Plaintiffs propose that the Court conduct an evidentiary hearing on standing issues and make findings of fact before resolving the case.

As discussed below, Defendant-Intervenors intend to file motions for judgment on the pleadings. Even if such motions are filed, the parties agree that discovery will proceed while those motions are briefed and argued. Plaintiffs propose that the Court resolve standing before resolving the merits to avoid the possibility that the Plaintiffs lose on the merits before this Court and prevail on the merits on appeal before having to return to this Court to litigate standing to obtain relief.

As discussed below, Defendant-Intervenors have proposed bifurcated discovery— discovery regarding standing would close before discovery regarding the merits. Defendant-Intervenors have also proposed similarly bifurcating motions for summary judgment, with motions

1

addressing standing being resolved before motions addressing the merits.  Plaintiffs do not foresee any need for merits discovery and are opposed to bifurcating motions for summary judgment out of concern it will unnecessarily delay final resolution of this case.

Plaintiffs propose closing the pleadings period shortly after the September 6, 2019 status conference.  Martinez-Intervenors propose that the pleadings be closed on October 1, 2019.

**Plaintiffs' Proposed Deadlines for Discovery and Dispositive Motions**

| Event | Plaintiffs' Proposed Date |
| --- | --- |
| Initial Disclosures | September 20, 2019 |
| Final Date for Parties to Amend Pleadings or to Join Parties | September 20, 2019[1] |
| Deadline for Production of the Federal Administrative Record | October 4, 2019 |
| Deadline to File Motion for Judgment on the Pleadings | October 18, 2019[2] |
| Discovery Opens | October 18, 2019 |
| Disclosure of Plaintiff's Expert Witnesses | December 6, 2019 |
| Defendants and Intervenors' Expert Rebuttal Disclosures | January 10, 2019 |
| Plaintiff's Expert Reply Disclosures | January 31, 2020 |

---

[1] Opposition to any amendment to the pleadings shall be due 21 days after amended pleadings are filed.  Reply briefs in support of the amended pleadings shall be due 14 days after the opposition is filed.

[2] Opposition to the motion for judgment on the pleadings shall be due 28 days after the motion is filed.  Reply briefs in support of the motion for judgment on the pleadings shall be due 21 days after the opposition is filed—additional time for the reply to accommodate the Thanksgiving holiday.

| | |
|---|---|
| Deadline to File Discovery Motions | March 13, 2020 |
| All Discovery (Jurisdictional & Merits) Closes | March 27, 2020 |
| Motions for Summary Judgment Re: Jurisdiction & Merits | April 27, 2020 |

**Defendants' Position**[3]

Defendants propose first producing an administrative record before beginning discovery. Defendants then think there should be discovery regarding standing and possible remedies. Defendants do not believe that any merits discovery is necessary or appropriate. After a more complete record has been created with respect to standing and possible remedies, Defendants anticipate challenging whether Plaintiffs have established sufficient injury and redressability, as well as the related question of whether and, if so, the extent to which Defendants could comply with any Court order regarding remedy.

Defendants propose the following schedule:

| Event | Parties' Proposed Date |
|---|---|
| Initial Disclosures Regarding Standing and Possible Remedies | September 20, 2019 |
| Final Date for Parties to | October 1, 2019[4] |

---

[3] United States Department of Commerce; Wilbur L. Ross (Secretary of Commerce); Bureau of the Census; and Steven Dillingham (Director of the U.S. Census Bureau).
[4] Opposition to any amendment to the pleadings shall be due 21 days after amended pleadings are filed. Reply briefs in support of the amended pleadings shall be due 14 days after the opposition is filed.

| | |
|---|---|
| Amend Pleadings or to Join Parties | |
| Deadline for Production of the Federal Administrative Record | November 1, 2019 |
| Deadline to File Motion for Judgment on the Pleadings | November 22, 2019[5] |
| Discovery Opens Regarding Standing and Possible Remedies | November 15, 2019 |
| Disclosure of Plaintiffs' Expert Witnesses Regarding Standing and Possible Remedies | January 15, 2020 |
| Defendants and Intervenors' Expert Rebuttal Disclosures Regarding Standing and Possible Remedies | February 19, 2020 |
| Plaintiffs' Expert Reply Disclosures Regarding Standing and Possible Remedies | March 2, 2020 |
| Deadline to File Discovery Motions Regarding Standing and Possible Remedies | April 17, 2020 |
| Discovery Regarding Standing and Possible Remedies Closes | May 1, 2020 |
| Motions for Summary Judgment | June 1, 2020 |

---

[5] Opposition to the motion for judgment on the pleadings shall be due 30 days after the motion is filed. Reply briefs in support of the motion for judgment on the pleadings shall be due 30 days after the opposition is filed—additional time for the reply to accommodate end-of-year holidays.

**Martinez Intervenors' Position**[6]

The Martinez Intervenors agree that Defendants should produce an administrative record prior to the commencement of discovery. Martinez Intervenors are considering filing a cross claim against Defendants. Martinez Intervenors intend to file a Rule 12(c) motion for judgment on the pleadings. Martinez Intervenors propose allowing discovery to move forward while the Rule 12(c) motion is briefed and argued. Finally, Martinez Intervenors propose two different discovery deadlines, with jurisdictional discovery closing first, followed by briefing on jurisdictional issues, and merits discovery to close later, followed by briefing on the merits if needed.

**Martinez Intervenors' Proposed Deadlines for Discovery and Dispositive Motions**

| Event | Parties' Proposed Date |
|---|---|
| Initial Disclosures | September 20, 2019 |
| Final Date for Parties to Amend Pleadings or to Join Parties | October 1, 2019[7] |
| Deadline for Production of the Federal Administrative Record | November 1, 2019 |
| Deadline to File Motion for Judgment on the Pleadings | November 22, 2019[8] |
| Discovery Opens | November 15, 2019 |

---

[6] Diana Martinez; Raisa Sequeira, Saulo Corona, Irving Medina, Joey Cardenas, Florinda P. Chavez and Chicanos Por La Causa.
[7] Opposition to any amendment to the pleadings shall be due 21 days after amended pleadings are filed. Reply briefs in support of the amended pleadings shall be due 14 days after the opposition is filed.
[8] Opposition to the motion for judgment on the pleadings shall be due 30 days after the motion is filed. Reply briefs in support of the motion for judgment on the pleadings shall be due 30 days after the opposition is filed—additional time for the reply to accommodate end-of-year holidays.

| | |
|---|---|
| Disclosure of Plaintiff's Expert Witnesses | January 15, 2020 |
| Defendants and Intervenors' Expert Rebuttal Disclosures | February 19, 2020 |
| Plaintiff's Expert Reply Disclosures | March 2, 2020 |
| Deadline to File Discovery Motions on Jurisdiction | April 17, 2020 |
| Jurisdictional Discovery Closes | May 1, 2020 |
| Motions for Summary Judgment Re: Jurisdiction | June 1, 2020 |

Depending on the outcome of any Motions for Judgment on the Pleadings or Motions for Summary Judgment, the parties may seek another case management conference to set a deadline for discovery on the merits to close, should it be necessary, as well as deadlines for the remainder of litigation.

**Local Government Intervenors' Position**[9]

The Local Government Intervenors agree with Defendants that an Administrative Record should be filed before discovery commences. In addition, there should be a Rule 26(f) conference and initial disclosures prior to discovery. For the reasons discussed below, standing discovery should be concluded before merits discovery. But once discovery commences, it should be open as to all issues.

---

[9] Santa Clara County, California; King County, Washington; and the City of San Jose, California.

The Local Government Intervenors intend to file a Rule 12(c) motion for judgment on the pleadings. We believe it makes sense to set a schedule through Rule 12(c) motions but not any further at this time and hold an additional scheduling conference after the Rule 12(c) motions are decided. If the Court sets a more comprehensive schedule, we prefer that proposed by the Martinez Intervenors. In any event, Plaintiffs' proposed expert disclosure and discovery cutoff dates are too early to provide for an orderly discovery process including the resolution of any discovery disputes.

Additionally, the Local Government Intervenors believe that summary-judgment motions should not be filed until after the Court decides any Rule 12(c) motions so that the parties have the benefit of the Court's views. We propose summary-judgment motions be filed no earlier than two months after the Court's decision, and possibly longer depending on where discovery stands. We concur with the Martinez Intervenors that any summary-judgment motions should proceed on two tracks: first standing, followed by the merits. This will allow the Court to resolve the contested issue of standing before addressing the merits. We propose that any merits summary-judgment motions be filed no earlier than two months after the Court's disposition of any summary-judgment motions regarding plaintiffs' standing.

September 3, 2019

/s/ Morris J. Brooks, Jr.
Morris J. Brooks, Jr.
Pro se
2101 W. Clinton Avenue
Suite 302
Huntsville, AL 35805
(256) 355-9400
(256) 355-9406—Fax

*Counsel for Plaintiff*
*Morris J. Brooks, Jr.*


JOSEPH H. HUNT
Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

/s/ Brad P. Rosenberg
BRAD P. ROSENBERG (DC Bar #467513)
Assistant Branch Director
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel:  (202) 514-3374
Fax:  (202) 616-8460
Email:  brad.rosenberg@usdoj.gov

*Counsel for Defendants*



/s/ Andrea Senteno
Thomas A. Saenz (CA Bar No. 159430)
Denise Hulett (CA Bar No. 121553)
Andrea Senteno (NY Bar No. 5285341)
Julia Gomez (CA Bar No. 316270)

Respectfully submitted,

Steve Marshall
*Alabama Attorney General*

/s/ Edmund G. LaCour Jr.
*Solicitor General* (ASB-9182-U81L)

James W. Davis (ASB-4063-I58J)
*Deputy Attorney General*

Winfield J. Sinclair (ASB-1750-S81W)
Brad A. Chynoweth (ASB-0030-S63K)
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130-0152
Tel: (334) 242-7300
Fax: (334) 353-8440
Email: elacour@ago.state.al.us
jimdavis@ago.state.al.us
wsinclair@ago.state.al.us
bchynoweth@ago.state.al.us

*Counsel for Plaintiff State of Alabama*

   **ZARZAUR**
   Anil A. Mujumdar (ASB-2004-L65M)
   2332 Second Avenue North
   Birmingham, AL 35203
   Telephone: 205.983.7985
   Facsimile: 888.505.0523
   Email: anil@zarzaur.com

   **LAWYERS' COMMITTEE FOR CIVIL RIGHTS**
   **UNDER LAW**
   *Ezra D. Rosenberg*
   *Dorian L. Spence*
   1401 New York Avenue NW, Suite 400
   Washington, DC 20005
   Telephone: (202) 662-8600
   Facsimile: (202) 783-9857

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
634 S. Spring St. #1100
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
dhulett@maldef.org
asenteno@maldef.org
jgomez@maldef.org

Edward Still
Bar. No. ASB-4786- 147W
still@votelaw.com
429 Green Springs Hwy STE 161-304
Birmingham, AL 3520
Telephone: (205) 320-2882
Facsimile: (205) 320-2882

James U. Blacksher
Bar No. ASB-2381-S82J
jblacksher@ns.sympatico.ca
P.O. Box 636
Birmingham, AL 35201
Telephone: (205) 591-7238
Facsimile: (866) 845-4395

*Counsel for Martinez Defendant-Intervernors*

Email: erosenburg@lawyerscommittee.org
dspence@lawyerscommittee.org

**DEMOCRACY FORWARD**
*Javier M. Guzman*
*Robin F. Thurston*
*John T. Lewis*
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Email: jguzman@democracyforward.org
rthurston@democracyforward.org
jlewis@democracyforward.org

*Attorneys for Defendant-Intervenors CITY OF SAN JOSÉ and KING COUNTY*

**DEBEVOISE & PLIMPTON LLP**
*Jyotin Hamid*
*Lauren M. Dolecki*
*Ming Ming Yang*
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com
lmdolecki@debevoise.com
mmyang@debevoise.com

*Ryan M. Kusmin*
801 Pennsylvania Avenue NW, Suite 500
Washington, DC 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118
Email: rmkusmin@debevoise.com

**CITY OF SAN JOSÉ**
Richard Doyle, City Attorney
Nora Frimann, Assistant City Attorney
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, CA 95113-1905
Telephone: (408) 535-1900
Facsimile: (408) 998-3131

Email: cao.main@sanjoseca.gov

*Attorneys for Defendant-Intervenor CITY OF SAN JOSÉ*

**COPELAND FRANCO SCREWS & GILL, P.A.**
Robert D. Segall (SEG003)
Post Office Box 347
Montgomery, AL 36101-0347
Phone: (334) 834-1180
Facsimile: (334) 834-3172
Email: segall@copelandfranco.com

**OFFICE OF THE COUNTY COUNSEL**
**COUNTY OF SANTA CLARA**
*James R. Williams*, County Counsel
*Greta S. Hansen*
*Raphael N. Rajendra*
*Marcelo Quiñones*
*Laura S. Trice*
Office of the County Counsel
County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
Email: raphael.rajendra@cco.sccgov.org
marcelo.quinones@cco.sccgov.org

**LAW OFFICE OF JONATHAN WEISSGLASS**
*Jonathan Weissglass*
1939 Harrison Street, Suite 150-B
Oakland, CA 94612
Telephone: (510) 836-4200
Email: jonathan@weissglass.com

*Attorneys for Defendant-Intervenor*
*COUNTY OF SANTA CLARA, CALIFORNIA*

10