FILED
2019 Oct-01  PM 07:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| STATE OF ALABAMA, *et al.*; | |
| *Plaintiffs*, | |
| v. | |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*; | |
| *Defendants*, | Civil Action No. 2:18-cv-00772-RDP |
| and | |
| DIANA MARTINEZ, *et al.*; COUNTY OF SANTA CLARA, CALIFORNIA, *et al.*; and STATE OF NEW YORK, *et al.*; | |
| *Defendant-Intervenors.* | |

## MARTINEZ INTERVENORS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS-CLAIM AGAINST DEFENDANTS

Defendant-Intervenors Diana Martinez, Raisa Sequeira, Saulo Corona, Irving Medina, Joey Cardenas, Florinda P. Chavez, and Chicanos Por La Causa (collectively, "Martinez Intervenors"), for themselves alone and no other, answer the First Amended Complaint ("Complaint") for Declaratory Relief of Plaintiffs the State of Alabama, and Morris J. Brooks, Jr., Representative for Alabama's Fifth Congressional District (collectively, "Plaintiffs") as follows:

1.   The allegations contained in Paragraph 1 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is

necessary, Martinez Intervenors deny each and every allegation in Paragraph 1, except as follows:  Martinez Intervenors admit that on February 8, 2018 the United States Census Bureau ("Census Bureau") issued the 2020 Census Residence Criteria and Residence Situations Rule, which speaks for itself.[1]

2.    The allegations contained in Paragraph 2 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 2.

3.    The allegations contained in Paragraph 3 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 3.

4.    The allegations contained in Paragraph 4 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 4.

5.    The allegations contained in Paragraph 5 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 5.

---

[1] The allegations contained in Footnote 1 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Footnote 1, and further answer that, despite the definition provided by Plaintiffs, the term "illegal aliens" is vague and ambiguous.  By Plaintiffs' definition, persons "who are present in the United States by virtue of either illegal entry in violation of federal immigration statutes or who have entered the United States legally but have remained present in the country beyond the period of time permitted by federal law," are "illegal aliens," regardless of whether that person later became a lawful permanent resident or naturalized citizen.  Plaintiffs' definition could also include persons, including long-term residents, who have a form of protected immigration status issued and recognized by federal immigration authorities.

## JURISDICTION AND VENUE

6.   The allegations contained in Paragraph 6 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 6, and specifically deny that this Court has subject matter jurisdiction over Plaintiffs' suit.

7.   The allegations contained in Paragraph 7 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 7.

8.   Martinez Intervenors admit that venue is proper in this district.

9.   The allegations contained in Paragraph 9 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 9.

## THE PARTIES

1.   The allegations contained in the second Paragraph 1 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 1, except as follows:  Martinez Intervenors admit that the State of Alabama is a sovereign state in the United States and that the attorney general of Alabama is Steve Marshall.

2.   The allegations contained in the second Paragraph 2 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 3, except as follows:  Martinez Intervenors admit that Morris J. Brooks, Jr., is a plaintiff and is a

member of the United States House of Representatives for Alabama's 5th Congressional District. Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the remaining allegation in Paragraph 2 that Mr. Brooks is registered to vote in the State of Alabama.

3.     Martinez Intervenors admit the allegations stated in the second Paragraph 3 of the Complaint.

4.     Martinez Intervenors admit the allegations stated in the second Paragraph 4 of the Complaint.

5.     Martinez Intervenors admit the allegations stated in the second Paragraph 5 of the Complaint.

6.     Martinez Intervenors admit the allegations stated in the second Paragraph 6 of the Complaint.

## ALLEGATIONS

## I.     Allegations Regarding the Constitutional Requirement to Conduct a Census

7.     The allegations contained in the second Paragraph 7 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in the second Paragraph 7, except to aver that U.S. Const. art. I, §2, cl. 3 and U.S. Const. amend. XIV, § 2 speak for themselves.

8.     The allegations contained in the second Paragraph 8 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in the second

Paragraph 8, except to aver that U.S. Const. art. II, §1, cl. 2 and U.S. Const. amend. XII speak for themselves.

9.      The allegations contained in the second Paragraph 9 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 9, except to aver that 13 U.S.C. § 141 (a)-(b) speaks for itself.

10.     Martinez Intervenors admit the allegations stated in the second Paragraph 10 of the Complaint. 13 U.S.C. §§ 2, 4 speak for themselves.

11.     The allegations contained in Paragraph 11 of the Complaint state legal conclusions, to which no responsive pleading is required.

12.     Martinez Intervenors deny each and every allegation in Paragraph 12 of the Complaint, except to aver that 13 U.S.C. § 221 speaks for itself.

13.     Martinez Intervenors admit the allegations contained in Paragraph 13 of the Complaint.  2 U.S.C. § 2a(a) speaks for itself.

14.     Martinez Intervenors admit the allegations contained in Paragraph 14 of the Complaint.  2 U.S.C. § 2a(b) speaks for itself.

15.     Martinez Intervenors admit the allegations contained in Paragraph 15 of the Complaint.  2 U.S.C. § 2a(b) speaks for itself.

## II.   Final 2020 Census Residence Criteria and Residence Situations

16.     Martinez Intervenors admit the allegations contained in Paragraph 16 of the Complaint.

17.     Martinez Intervenors admit the allegations contained in Paragraph 17 of the Complaint.

18.     Martinez Intervenors admit the allegations contained in Paragraph 18 of the Complaint; the referenced Census Residence Criteria speaks for itself.

19.     The allegations contained in Paragraph 19 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 19, except that the referenced Census Residence Criteria speaks for itself.

20.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 20 of the Complaint; to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 20, except to aver that 13 U.S.C. § 141 (b) speaks for itself.

21.     The allegations contained in Paragraph 21 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 21, except to aver that 2 U.S.C. § 2a(a) speaks for itself.

22.     The allegations contained in Paragraph 22 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 22.

23.     The allegations contained in Paragraph 23 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors answer that the term "illegal aliens" is vague and ambiguous, and admit each and every other allegation in Paragraph 23.

24.     Martinez Intervenors admit the allegations stated in Paragraph 24 of the Complaint.

25.     The allegations contained in Paragraph 25 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors admit each and every allegation in Paragraph 25.

26.     The allegations contained in Paragraph 26 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors admit each and every allegation in Paragraph 26.

27.     Martinez Intervenors admit the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 28.

**III.     Allegations Regarding Immigration and Apportionment**

29.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 29 of the Complaint; to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 29, except to aver that the referenced Department of Homeland Security ("DHS') document speaks for itself.

30.     Martinez Intervenors deny each and every allegation in Paragraph 30 of the Complaint, except to aver that the referenced DHS, Pew Research Center, and Center for Migration Studies documents speak for themselves.

31.     Martinez Intervenors answer the allegations contained in Paragraph 31 of the Complaint by asserting that the term "illegal aliens" is vague and ambiguous, and admit each and every other allegation in Paragraph 31.

32.     The allegations contained in Paragraph 32 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 32, except as follows:  Martinez Intervenors admit that there are 435 seats in the House of Representatives and aver that 2 U.S.C. § 2a(a) speaks for itself.

33.     The allegations contained in Paragraph 33 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 33.

34.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 34 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 34.

35.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 35 of the Complaint; to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 35.

36.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 36 of the Complaint; to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 36 except to aver that the referenced DHS document speaks for itself.

37.     The allegations contained in Paragraph 37 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 37.

38.     The allegations contained in Paragraph 38 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 38.

39.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 39 of the Complaint; to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 39.

40.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 40 of the Complaint; to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 40, except that the referenced DHS document speaks for itself.

41.     The allegations contained in Paragraph 41 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 41.

42.     The allegations contained in Paragraph 42 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 42.

43.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 43 of the Complaint; moreover, the allegations state legal conclusions, to which no responsive pleading is required. However, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 43, except as follows:  Martinez Intervenors admit that in the 2000 apportionment, 12 congressional seats and electoral college votes changed hands.

44.     The allegations contained in Paragraph 44 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 44.

45.     The allegations contained in Paragraph 45 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 45, except as follows:  Martinez Intervenors admit that in the 2010 apportionment Louisiana, Missouri, and Ohio each lost one seat in the House of Representatives and one vote in the Electoral College, that Montana did not gain a seat in the House of Representatives or an electoral college vote, that California gained two seats in the House of Representatives and electoral college votes, and that Florida and Texas each gained one seat in the House of Representatives and one electoral college vote.

46.     The allegations contained in Paragraph 46 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 46.

47.     The allegations contained in Paragraph 47 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 47.

48.     The allegations contained in Paragraph 48 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 48.

49.     The allegations contained in Paragraph 49 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 49.

## IV.    Plaintiffs' Alleged Harm.

50.     The allegations contained in Paragraph 50 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 50.

51.     The allegations contained in Paragraph 51 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 51.

52.     Martinez Intervenors admit the allegations stated in Paragraph 52 of the Complaint.

53.     Martinez Intervenors admit the allegations stated in Paragraph 53 of the Complaint.

54.     Martinez Intervenors admit the allegations stated in Paragraph 54 of the Complaint.

55.     Martinez Intervenors admit the allegations stated in Paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 56.

57.     The allegations contained in Paragraph 57 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 57.

58.     The allegations contained in Paragraph 58 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 58.

59.     The allegations contained in Paragraph 59 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 59.

60.     The allegations contained in Paragraph 60 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 60.

61.     The allegations contained in Paragraph 61 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 61.

62.     The allegations contained in Paragraph 62 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 62.

63.     The allegations contained in Paragraph 63 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 63.

64.     The allegations contained in Paragraph 64 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 64.

65.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 65 of the Complaint, specifically, as to whether the "estimates" in the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 65.

66.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 66 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 66.

67.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 67 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the

total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 67.

68.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 68 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 68.

69.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 69 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 69.

70.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 70 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of

14

accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 70.

71.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 71 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers of persons that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph.  To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 71.

72.     Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 72 of the Complaint, specifically, as to whether the "estimates" in  the paragraph are reliable for the purposes of accurately predicting the total numbers that will be counted in the 2020 Census, the total numbers of undocumented persons included in those numbers, and the total numbers of persons that will be included in each congressional district contained in the allegations in this paragraph. To the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 72.

V.     **Plaintiffs' Challenge to the Census Residence Criteria**

73.     The allegations contained in Paragraph 73 of the Complaint state legal conclusions and constitute characterizations of Plaintiffs' action and claims for relief, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 73.

A.   **Constitutional Requirements for Apportionment**

74.      Martinez Intervenors admit the allegations stated in Paragraph 74 of the Complaint.  U.S. Const. amend. XIV, § 2, cl. 1 speaks for itself.

75.     Martinez Intervenors admit the allegations stated in Paragraph 75 of the Complaint.  U.S. Const. Art. I, § 2, cl. 3 speaks for itself.

76.     Martinez Intervenors admit the allegations stated in Paragraph 76 of the Complaint.  U.S. Const. Art. II, § 1, cl. 2 speaks for itself.

77.     The allegations contained in Paragraph 77 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 77, except to aver that *Franklin v. Massachusetts*, 505 U.S. 788, 804 (1992) speaks for itself.

78.     The allegations contained in Paragraph 78 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 78.

1)   **Fourteenth Amendment of the U.S. Constitution.**

79.     The allegations contained in Paragraph 79 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive

pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 79, except to aver that U.S. Const. amend. XIV speaks for itself.

80.     The allegations contained in Paragraph 80 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 80, except to aver that *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008) speaks for itself.

81.     The allegations contained in Paragraph 81 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 81.

82.     The allegations contained in Paragraph 82 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 82.

83.     The allegations contained in Paragraph 83 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 83.

84.     The allegations contained in Paragraph 84 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 84.

85.     The allegations contained in Paragraph 85 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 85.

2) **Requirement to Apportion Congressional Seats Based on Total Number of Persons.**

86.     Martinez Intervenors admit the allegations stated in Paragraph 86 of the Complaint.  U.S. Const. amen. XIV, § 2, cl. 1 speaks for itself.

87.     Martinez Intervenors admit the allegations stated in Paragraph 87 of the Complaint.  U.S. Const. art. I, § 2, cl. 3 speaks for itself.

88.     The allegations contained in Paragraph 88 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 88.

89.     The allegations contained in Paragraph 89 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 89, except to aver that 1 Records of the Federal Convention of 1787 350, 352 (Max Farrand, ed., Yale University Press, 1937) speaks for itself.

90.     The allegations contained in Paragraph 90 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 90.

91.     The allegations contained in Paragraph 91 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 91.

92.     The allegations contained in Paragraph 92 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 92.

93.     The allegations contained in Paragraph 93 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 93.

94.     The allegations contained in Paragraph 94 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 94.

95.     The allegations contained in Paragraph 95 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 95.

96.     The allegations contained in Paragraph 96 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 96.

### 3) Equal Representation Based on Total Population.

97.     The allegations contained in Paragraph 97 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 97, except to aver that *Franklin*, 505 U.S. at 804 speaks for itself.

98.     The allegations contained in Paragraph 98 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 98, except to aver that *Evenwel v. Abbott*, 136 S. Ct. 1120, 1126 (2016) speaks for itself.

99.     The allegations contained in Paragraph 99 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 99.

100.    The allegations contained in Paragraph 100 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 100.

101.    The allegations contained in Paragraph 101 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 101.

102.    The allegations contained in Paragraph 102 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 102.

103.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 103 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 103.

104.    Martinez Intervenors aver that they are without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 104 of the Complaint; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 104.

105.    The allegations contained in Paragraph 105 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 105.

106.     The allegations contained in Paragraph 106 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 106.

107.     The allegations contained in Paragraph 107 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 107.

108.     The allegations contained in Paragraph 108 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 108.

109.     The allegations contained in Paragraph 109 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 109.

**B.  Alleged Violation of the Administrative Procedure Act (APA).**

110.     The allegations contained in Paragraph 110 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 110, except to aver that 5 U.S.C. § 706(2) speaks for itself.

111.     The allegations contained in Paragraph 111 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 111, except to aver that *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983) speaks for itself.

112.    The allegations contained in Paragraph 112 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 112, except to aver that *Multicultural Media, Telecom, and Internet Council v. FCC*, 873 F.3d 932, 936 (D.C. Cir. 2017) and Residence Rule, 83 Fed. Reg. 5525, at 5526 speak for themselves.

113.    The allegations contained in Paragraph 113 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 113, except that *Multicultural Media, Telecom, & Internet Council v. FCC*, 873 F.3d at 937 and the Census Residence Criteria speak for themselves.

114.    The allegations contained in Paragraph 114 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 114, except to aver that *Int'l Union, United Mine Workers of Am. v. Mine Safety & Health Admin.*, 626 F.3d 84, 94 (D.C. Cir. 2010) speaks for itself.

115.    The allegations contained in Paragraph 115 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 115, except to aver that the Census Residence Criteria and *Sierra Club v. Envtl. Prot. Agency*, 863 F.3d 834, 838-39 (D.C. Cir. 2017) speak for themselves.

116.    The allegations contained in Paragraph 116 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 116.

117.    The allegations contained in Paragraph 117 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 117, except to aver that the Census Residence Criteria speaks for itself.

118.    The allegations contained in Paragraph 118 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 118.

**C.  Alleged Violation of the APA For Action in Excess of Statutory Authority.**

119.    The allegations contained in Paragraph 119 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 119, except to aver that 5 U.S.C. § 706(2)(C) speaks for itself.

120.    The allegations contained in Paragraph 120 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 120, except to aver that 13 U.S.C. § 141(a)-(b) speaks for itself.

121.    The allegations contained in Paragraph 121 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 121, except to aver that *Johnson v. Governor of Florida*, 405 F.3d 1214, 1229 (11th Cir. 2005) speaks for itself.

122.    The allegations contained in Paragraph 122 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 122.

123.    The allegations contained in Paragraph 123 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 123.

124.    The allegations contained in Paragraph 124 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 124.

125.    The allegations contained in Paragraph 125 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 125.

## FIRST CAUSE OF ACTION

### Alleged Violation of the Fourteenth Amendment (Congressional Apportionment)

126.    Answering Paragraph 126 of the Complaint, Martinez Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-125 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth here.

127.    The allegations contained in Paragraph 127 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 127, except to aver that U.S. Const. amend. XIV speaks for itself.

128.    The allegations contained in Paragraph 128 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 128.

## SECOND CAUSE OF ACTION

### Alleged Violation of the Fourteenth Amendment, Article I, § 2, and Article II, § 1

### (Electoral College Apportionment)

129.    Answering Paragraph 129 of the Complaint, Martinez Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-128 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth here.

130.    The allegations contained in Paragraph 130 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 130, except that U.S. Const. art II, § 1, cl. 2 speaks for itself.

131.    The allegations contained in Paragraph 131 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 131.

## THIRD CAUSE OF ACTION

### Alleged Violation of Article I, § 2 (Actual Enumeration)

132.    Answering Paragraph 132 of the Complaint, Martinez Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-131 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth here.

133.     The allegations contained in Paragraph 133 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 133, except to aver that U.S. Const. art. I, § 2, cl. 3 and U.S. Const. amend. XIV speak for themselves.

134.     The allegations contained in Paragraph 134 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 134.

**FOURTH CAUSE OF ACTION**

**Alleged Violation of the APA (Arbitrary and Capricious)**

135.     Answering Paragraph 135 of the Complaint, Martinez Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-134 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth here.

136.     The allegations contained in Paragraph 136 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 136, except to aver that 5 U.S.C. § 706(2)(A) speaks for itself.

137.     The allegations contained in Paragraph 137 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 137.

138.     The allegations contained in Paragraph 138 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 138.

## FIFTH CAUSE OF ACTION

### Alleged Violation of the APA (Contrary to Law)

139.    Answering Paragraph 139 of the Complaint, Martinez Intervenors repeat and incorporate by reference each and all of the denials, admissions, and averments set forth above in the answers to Paragraphs 1-138 (including the initial Paragraphs 1-9) of the Complaint, as though fully set forth here.

140.    The allegations contained in Paragraph 140 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 140, except to aver that 5 U.S.C. § 706(2)(C) speaks for itself.

141.    The allegations contained in Paragraph 141 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 141.

142.    The allegations contained in Paragraph 142 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 142.

143.    The allegations contained in Paragraph 143 of the Complaint state legal conclusions, to which no responsive pleading is required; however, to the extent a responsive pleading is necessary, Martinez Intervenors deny each and every allegation in Paragraph 143.

### PRAYER FOR RELIEF

To the extent that any response is required to Plaintiffs' separate Prayer for Relief, Martinez Intervenors deny each and every allegation contained in the Prayer for Relief, and

further deny that the Plaintiffs are entitled to declaratory relief, injunctive relief, or any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses to all causes of action purported to be set forth by Plaintiffs in the Complaint, Martinez Intervenors allege as follows, subject to Martinez Intervenor's right to amend and assert such other affirmative defenses as may become available during discovery in this action:

### FIRST AFFIRMATIVE DEFENSE:  LACK OF STANDING

This Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot show the injury and redressability necessary to assert standing.

### SECOND AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

Plaintiffs' claim, as set forth in the Complaint, fails to state facts sufficient to constitute a cause of action against Defendants.

### THIRD AFFIRMATIVE DEFENSE:  LACHES

Some or all of Plaintiffs' claims are barred under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE:  UNCLEAN HANDS

Plaintiffs signed HB 56 into law in June 2011.  AL Act 2011-535.  The stated purpose of the law is to "discourage illegal immigration within the state."  *U.S. v. Alabama*, 691 F.3d 1269 (11th Cir. 2012), *cert. denied*, 569 U.S. 968 (2013).  Plaintiffs are now claiming that their decision to drive immigrants and their families out of Alabama is causing them political loss.  By virtue of Plaintiffs' own racially discriminatory conduct, Plaintiffs should be barred from recovering against Defendants by the equitable doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE:  RESERVATION OF RIGHTS**

Because the Complaint is couched in conclusory terms, Martinez Intervenors cannot fully anticipate all affirmative defenses that may be applicable to the claims asserted. Accordingly, Martinez Intervenors reserve the right to assert additional affirmative defenses to the complaint, whether under law, equity, or otherwise, if and to the extent that such affirmative defenses are discovered and apply.

**WHEREFORE**, Martinez Intervenors respectfully request as follows:

1.      That Plaintiffs' Complaint and its causes of action be dismissed with prejudice;

2.      That Plaintiffs take nothing by way of the Complaint;

3.      That Martinez Intervenors be awarded costs of the suit and attorneys' fees; and

4.      That the Court order such other and further relief for Martinez Intervenors as the Court may deem appropriate.

**CROSS-CLAIM BY MARTINEZ INTERVENORS FOR DECLARATORY RELIEF**

**INTRODUCTION**

1.      On May 21, 2018, the State of Alabama and Congressman Morris J. Brooks, Jr., sued the U.S Department of Commerce, Commerce Secretary Wilbur L. Ross, the U.S. Census Bureau, and Ron Jarmin, acting director of the U.S. Census Bureau at the time.  On September 10, 2019, Plaintiffs amended their complaint for declaratory relief.[2]

2.      Plaintiffs Alabama and Brooks seek to set aside the Final 2020 Census Residence Criteria and Residence Situations Rule ("Residence Rule"), 83 Fed. Reg. 5525 (February 8, 2018) (to be codified at 15 C.F.R. Ch. I), as unlawful under federal law and the U.S.

---

[2] Plaintiffs replaced Defendant Jarmin with Steven Dillingham, the current director of the U.S. Census Bureau, and removed their assertion of a financial injury based on the inclusion of undocumented immigrants in the decennial enumeration.

Constitution, and seek to exclude undocumented immigrants from the total population count for the purposes of congressional apportionment. ECF Doc. 112, p. 2-4 ¶1-5; p. 32, ¶ 144.

3.      The U.S. Constitution requires an "actual Enumeration" of every person living in the United States to take place every ten years.

4.      The Constitution gives Congress the authority to conduct the Census "in such a Manner as [Congress] shall by Law direct," and Congress has wide discretion over the conduct of the census.  Pursuant to this authority, Congress has delegated the duty of conducting the census to the Secretary of Commerce, subject to federal law.

5.      Under the U.S. Constitution, the decennial enumeration of the national population is used to allocate seats in the U.S. House of Representatives to states based on the "whole number of persons in each State."

6.      Federal law requires the Secretary of Commerce to deliver to the President the tabulation of the total population of the states for the apportionment of Representatives in Congress among the several states by the end of the census year.  The President must report the tabulation of the total population of the states to Congress within a week after the start of Congress's new session.

7.      Defendants will not conduct an enumeration of undocumented immigrants in the 2020 Census.

8.      Any attempt to exclude undocumented immigrants from the total population tabulations reported to the President and Congress would be based on estimations that use probabilistic statistical modeling in order to determine the number of undocumented immigrants in the U.S.  Because estimated data is not based on an enumeration, it violates the U.S.

Constitution for the purposes of congressional apportionment and the distribution of electors in the Electoral College, and is thus prohibited.

9. Any attempt to exclude undocumented immigrants from the total population tabulations reported to the President and Congress would exclude persons who are required by the Constitution to be included in the population tabulations used to apportion the House of Representatives and the Electoral College.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1346 over Defendant-Intervenors' causes of action under the United States Constitution and federal statutes.  This Court may grant Defendant-Intervenors' request for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district.  28 U.S.C. §1391 (e)(1).

**PARTIES**

*Plaintiffs*

12. Defendant-Intervenor Diana Martinez is a resident of Ventura County, California. She is a longtime registered voter and lives in the City of Santa Paula, born and raised in California. According to American Community Survey ("ACS") data, Santa Paula is 81.3 percent Latino and 20.8 percent non-U.S. citizen.

13. Defendant-Intervenor Raisa Sequeira is a resident of Miami-Dade County in Florida.  She is a registered voter and lives in the City of Miami.  According to ACS data, Miami is 72.2 percent Latino and 30.6 percent non-U.S. citizen.

14.     Defendant-Intervenor Saulo Corona is a resident of Maricopa County, Arizona. He lives and is registered to vote in the City of Tempe.  According to ACS data, Maricopa County is 30.6 percent Latino and 9 percent non-U.S. citizen.

15.     Defendant-Intervenors Irving Medina and Florinda P. Chavez are residents of Travis County, Texas.  They both live and are registered to vote in Austin. According to ACS data, Austin is 34.5 percent Latino and 12.6 percent non-U.S. citizen.

16.     Defendant-Intervenor Joey Cardenas is a resident of Wharton County, Texas.  He is a longtime registered voter and lives in Louise, a census-designated place.  According to ACS data, Wharton County is 40.3 percent Latino and 6.9 percent non-U.S. citizen.

17.     CPLC is headquartered in Phoenix, Arizona and serves individuals who primarily reside in Coconino, Cochise, Maricopa, Pima, and Yuma Counties. CPLC serves individuals who live in neighborhoods, cities, counties, and voting districts with relatively larger Latino and non-U.S. citizen populations when compared to Arizona and the United States.  For example, according to ACS data, Yuma County is 62.9 percent Latino and 15.6 percent non-U.S. citizen, while Phoenix is 42.5 percent Latino and 13.3 percent non-U.S. citizen.

***Defendants/Defendants***

18.     Defendant Wilbur L. Ross is Secretary of the U.S. Department of Commerce. The Secretary of Commerce carries out the functions and duties imposed on him by the Census Act, issues rules and regulations to carry out his responsibilities, and delegates functions and duties as necessary.

19.     Congress delegated the duty to conduct the Census to the Secretary of Commerce, who must take a census on April 1 every 10 years.

20.     By the end of 2020, the Secretary of Commerce is required to deliver the tabulation of the population of each state to the President, who is required to transmit to Congress the total population of each state and the number of congressional seats to which each state is entitled.  Ross is sued in his official capacity.

21.     Defendant Steven Dillingham is the Director for the U.S. Census Bureau. The Director of the U.S. Census Bureau oversees the 2020 Census operations and is responsible for ensuring the accuracy of the 2020 Census count. Defendant Dillingham directs the Census Bureau and performs Census-related duties assigned by law, regulation, or the Secretary of Commerce. 13 U.S.C. § 21. Dillingham is sued in his official capacity.

22.     Defendant U.S. Department of Commerce is an agency of the U.S. government which oversees the U.S. Census Bureau and its conduct of the decennial Census and other Census programs.

23.     Defendant U.S. Census Bureau is an agency within the U.S. Department of Commerce. 13 U.S.C. § 2. The Census Bureau is responsible for conducting all Census programs, including the development and implementation of the 2020 Census.

## FACTUAL ALLEGATIONS

24.     The U.S. Constitution requires an "actual Enumeration" of "the whole number of persons in each State" to take place every ten years.

25.     Under the U.S. Constitution, the decennial enumeration of the national population is used to allocate seats in the U.S. House of Representatives to states based on the "whole number of persons in each State," under the U.S. Constitution.  Congressional seats are apportioned to the states based on "their respective Numbers."

26.     The enumeration is also used to allocate the number of electors each state receives in the Electoral College.

27.     The Constitution vests Congress with wide authority over the conduct of the Census.  Pursuant to this authority, Congress delegated the duty of conducting the decennial Census to the Secretary of Commerce, subject to the provisions of the Census Act of 1976, 13 U.S.C. § 141, et seq. (the "Census Act"), and other applicable federal statutes and regulations.

28.     Section 141(f) of Tile 13, requires that the Secretary report to Congress his "determination[s]" as to the subjects of the next census not later than three years prior to  the April 2020 Census date.

29.     Federal law requires the Secretary of Commerce to deliver the "tabulation of total population of states . . . for the apportionment of Representatives in Congress among the several States" to the President by the end of the census year, who must report them to Congress within a week after the start of Congress's new session.

30.     Federal law requires that the President's transmission to Congress provide a "statement showing the whole number of persons in each State excluding Indians not taxed, as ascertained under [the] decennial census of the population, and the number of Representatives to which each State would be entitled under an apportionment of the then existing number of Representatives by the method known as the method of equal proportions[.]"

31.     Federal law requires that each State shall be entitled to the number of Representatives shown in such statement.

32.     Federal law requires the Clerk of the House of Representatives, within fifteen calendar days after the receipt of the President's statement to Congress, "to send the executive of each State a certificate of the number of Representatives to which such State is entitled[.]"

**Collection of Decennial Census**

33.     The Census Act states, "Except for the determination of population for purposes of apportionment of Representatives in Congress among the several States, the Secretary shall, if he considers it feasible, authorize the use of the statistical method known as 'sampling' in carrying out the provisions of this title."  13 U.S.C. §195.

34.     The Secretary of Commerce may delegate authority to carry out his functions and duties to conduct the Census to the Department of Commerce, of which the Census Bureau is a part.

35.     To conduct the decennial enumeration, the Census Bureau sends a questionnaire to each household in the U.S.  Every head of household is required by law to answer the questions on the Census form truthfully.

**Citizenship Data From the Census Bureau's American Community Survey**

36.     There will not be a question on the 2020 decennial Census regarding the citizenship of respondents and their household members.  Therefore, the decennial Census will not include an actual enumeration of non-citizens or of undocumented immigrants in the U.S.

37.     The American Community Survey ("ACS") is an ongoing, yearly survey by the Census Bureau that collects demographic information including ancestry, citizenship, year of entry to the U.S., educational attainment, income, language proficiency, migration, disability, employment, and housing characteristics from approximately 2.5 percent of U.S. households. ACS data provide estimates of population characteristics, including citizenship, that are based on sample data, and do not provide an enumeration of citizens and non-citizens.   The ACS survey does not include a question on legal status of non-citizen respondents.  The ACS survey therefore does not provide an estimate or an enumeration of the undocumented population in the U.S.

**Defendants' Collection of Citizenship Data for Apportionment**

38.     The 2020 decennial Census will not include a question on immigration status, including any question to ascertain if the respondent is an undocumented immigrant.  The decennial Census will not conduct an enumeration of undocumented immigrants living in the U.S.

39.     On July 11, 2019, President Donald J. Trump issued Executive Order ("EO") 13880 requiring that, among other things, all executive departments and agencies provide the Department of Commerce "the maximum assistance permissible, consistent with law, in determining the number of citizens and non-citizens in the country, including by providing any access that the Department may request to administrative records that may be useful in accomplishing" the objective of collecting citizenship data.

40.     EO 13880 states, "It is the policy of the United States to develop complete and accurate data on the number of citizens, non-citizens, and illegal aliens in the country."

41.     The data collected under EO 13880 is not an enumeration of individuals, and specifically is not an enumeration of undocumented immigrants, in the U.S.

42.     Any data collected under EO 13880 will produce estimations based on statistical probabilities using administrative records.  Such estimations based on statistical modeling are not an enumeration.

43.     At a press conference announcing the issuance of EO 13880, President Trump stated that his intention in issuing EO 13880 is so that "[t]he Census Bureau can use [citizenship] information, along with information collected through the questionnaire, to create the official census.  In other words, as a result of today's executive order, we will be able to ensure the 2020 Census generates an accurate count of how many citizens, non-citizens, and illegal aliens are in

the United States of America."  The President's statement is false and incorrect.  Administrative

records do not provide a count of the total population, nor do they provide an "accurate count,"

or an enumeration of citizens, non-citizens, or undocumented immigrations within the total

population.

44.     At the same press conference announcing the issuance of EO 13880, U.S.

Attorney General William Barr stated that "there is a current dispute over whether illegal aliens

can be included for apportionment purposes.  Depending on the resolution of that dispute, this

data may be relevant to those considerations," and that the DOJ "will be studying this issue."

45.     On July 24, 2019, Defendant Dillingham testified before the House Oversight and

Reform Subcommittee on Civil Rights and Civil Liberties.  During that hearing, Congresswoman

Ayanna Pressley asked Defendant Dillingham, "Can you confirm for us today that the citizenship

data collected pursuant to the executive order will not be used in the Bureau's apportionment

counts?"  Defendant Dillingham answered, ". . . .Let me get back to you on that."

Congresswoman Pressley subsequently asked Defendant Dillingham, "Do you believe it should

be used for that purpose?" and Defendant Dillingham answered, "I don't have any belief

whatsoever, I just need to know the mechanics, Congresswoman, and I'll get back to you on

that."[3]

46.     Upon information and belief, the Census Bureau responded in writing to

Congresswoman Pressley's office regarding the July 24, 2019 exchange in front of Congress,

"The issue you asked about is currently in litigation and we do not comment on ongoing

---

[3] Video and Transcript of Testimony of U.S. Census Bureau Director Steven Dillingham on the 2020 Census before House Oversight and Reform Subcommittee on Civil Rights and Civil Liberties, C-Span (Jul. 24, 2019), https://archive.org/details/CSPAN3_20190725_000000_U.S._Census_Bureau_Director_Steven_Testifies_Before_Congress/start/4080/end/4140.

litigation, but the Census Bureau will fulfill its constitutional mandate to conduct a complete and accurate 2020 Census and enumerate all persons living in the United States of America."[4]

47.     These ambiguous statements by Defendants create a live and actual controversy between Defendants, who threaten to report an unconstitutional enumeration of total population, and Martinez Intervenors, who are therefore entitled to declaratory relief.

48.     Without an enumeration of the number of undocumented immigrants within the total population, Defendants would be required to use data from estimations based on probabilistic statistical modeling in order to determine the number of undocumented immigrants in the U.S.

49.     Under the U.S. Constitution, the use of estimated data based on statistical probabilities to produce, in whole or in part, through addition or subtraction, the total population for the purposes of congressional apportionment is prohibited.

50.     If Defendants were to decide to exclude undocumented immigrants from the enumeration reported to Congress for the purpose of apportioning Representatives and electors to the Electoral College without a question on the Census form that counted undocumented immigrants living in the U.S., they would be required to adjust the final enumeration based on probabilistic modeling.

51.     If Defendants were to decide to exclude undocumented immigrants from the enumeration reported to Congress for the purpose of apportioning Representatives and electors to the Electoral College, they would be excluding persons constitutionally required to be included in the enumeration reported.

---

[4] Hansi Lo Wang, Do Trump Officials Plan To Break Centuries Of Precedent In Divvying Up Congress?, NPR (Aug. 14, 2019), https://www.npr.org/2019/08/14/749930756/do-trump-officials-plan-to-break-centuries-of-precedent-in-divvying-up-congress.

52.     Martinez Intervenors will be injured if Representatives and electors to the Electoral College are apportioned based on data that excludes undocumented immigrants from the total enumeration reported to Congress.  Martinez Intervenors will suffer harm to their representational and electoral interests if a dataset other than a total enumeration consistent with the U.S. Constitution is reported to Congress. The use of such an altered dataset will cause states and other political subdivisions with high proportions of undocumented individuals and/or Latinos to lose congressional representation and Electoral College representation.

### CAUSE OF ACTION

### COUNT I
**(Declaratory Judgment - Violation of the U.S. Constitution)**

53.     Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

54.     Article I, Section 2, Clause 3 of the U.S. Constitution requires an "actual enumeration" of people in the United States. The Constitution mandates that the apportionment of congressional seats be conducted on the basis of total population of all persons. U.S. CONST., Amdt. XIV, § 2 ("Representatives shall be apportioned among the several States, according to their respective numbers, counting the whole number of persons in each State").

55.     Defendants' production and report to the President or Congress of an altered dataset using estimations based on statistical probabilities that excludes the undocumented population from the population totals used for congressional apportionment would violate the U.S. Constitution.

56.     The production and report of an altered dataset that excludes undocumented immigrants from the total population for the purposes of congressional apportionment will injure Plaintiffs and organizational Plaintiffs' members by depriving them of representation in the U.S. House of Representatives and the Electoral College.

57.     The use of administrative data to produce estimates based on probabilistic modeling to exclude undocumented immigrants from the enumeration for the purposes of Congressional apportionment and apportionment of electors in the Electoral College is unconstitutional.

58.     The purposeful exclusion of undocumented immigrants residing in the United States from the population count used for purposes of Congressional apportionment and apportionment of electors in the Electoral College is unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court:

(a) Declare that production and reporting to the  President or to Congress of an altered tabulation for the purposes of congressional apportionment that attempts to exclude the undocumented population violates the U.S. Constitution;

(b) Enjoin Defendants and their agents from producing and/or reporting to the President or to Congress an altered tabulation for the purposes of congressional apportionment that attempts to exclude the undocumented population;

(c) Award Plaintiffs reasonable costs, expenses, and attorneys' fees under 28 U.S.C. § 2412; and

(d) Award such additional relief as the interests of justice may require.

Dated: October 1, 2019                              Respectfully submitted,
                                                    */s/ Andrea Senteno*

                                                    Thomas A. Saenz (CA Bar No. 159430)*
                                                    Denise Hulett (CA Bar No. 121553)*
                                                    Andrea Senteno (NY Bar No. 5285341)*
                                                    Julia A. Gomez (CA Bar No. 316270)*
                                                    MEXICAN AMERICAN LEGAL
                                                    DEFENSE AND EDUCATIONAL FUND

634 S. Spring St. #1100
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email:  tsaenz@maldef.org
        dhulett@maldef.org
        asenteno@maldef.org
        jgomez@maldef.org

Edward Still
Bar. No. ASB-4786- 147W
still@votelaw.com
429 Green Springs Hwy STE 161-304
Birmingham, AL 35209
Telephone: (205) 320-2882
Facsimile: (205) 320-2882

James U. Blacksher
Bar No. ASB-2381-S82J
jblacksher@ns.sympatico.ca
P.O. Box 636
Birmingham, AL 35201
Telephone: (205) 591-7238
Facsimile: (866) 845-4395

Counsel for Martinez Intervenors
* *Admitted* Pro hac vice

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of the filing to all

CM/ECF registrants.

Date: October 1, 2019

/s/ Andrea Senteno
Andrea Senteno
**MEXICAN AMERICAN LEGAL**
**DEFENSE AND EDUCATIONAL FUND**
1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
asenteno@maldef.org

Counsel for Martinez Intervenors