FILED
2020 Aug-03 PM 05:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE, et al., <br><br> Defendants, <br><br> DIANA MARTINEZ, et al., <br><br> Defendant-Intervenors, <br><br> and <br><br> COUNTY OF SANTA CLARA, CALIFORNIA, et al., <br><br> Defendant-Intervenors, <br><br> and <br><br> STATE OF NEW YORK, et al., <br><br> Defendant-Intervenors. | Case No.: 2:18-cv-00772-RDP |

**<u>Opening Brief in Response to the Court's July 21, 2020 Order</u>**

## INTRODUCTION

The County of Santa Clara, California; King County, Washington; the City of San José, California; the City of Atlanta, Georgia; and the County of Arlington, Virginia (collectively the "Local Government Defendant-Intervenors"), and the States of New York, California, Colorado, Connecticut, the District of Columbia, Illinois, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, Oregon, Rhode Island, Vermont, Virginia, and Washington; the cities and counties of Cameron County, Texas; Central Falls, Rhode Island; Chicago, Illinois; Hidalgo County, Texas; Monterey County, California; New York, New York; Philadelphia, Pennsylvania; Providence, Rhode Island; and Seattle, Washington; and the United States Conference of Mayors (collectively the "State and other Government Defendant-Intervenors"), by and through their undersigned counsel, respectfully request that the Court stay Plaintiffs' action in light of the President's July 21, 2020 Presidential Memorandum titled "Memorandum on Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census" ("Memorandum"), 85 Fed. Reg. 44679 (July 23, 2020), which has effectively afforded Plaintiffs the relief they seek in this litigation. Staying Plaintiffs' action would conserve judicial resources and would cause no harm to Plaintiffs.

## PROCEDURAL HISTORY

This case began over two years ago on May 21, 2018, when Plaintiffs filed their Complaint. Dkt. 1. Soon after, Local Government Defendant-Intervenors moved to intervene on July 17, 2018, and were granted leave to intervene on December 13, 2018. Dkts. 9, 54. The State and Other Government Defendant-Intervenors moved to intervene

on August 12, 2019, and the Court granted their motion on September 9, 2019.  Dkts. 96, 110.  Discovery began on September 9, 2019.  Dkt. 111.  The Court issued a Second Amended Scheduling Order on June 16, 2020, setting as the close of discovery, September 23, 2020, with dispositive motions to follow by October 21, 2020.  Dkt. 147.  On July 21, 2020, the President issued the Memorandum at issue.

## ARGUMENT

The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Whether a stay is warranted "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

Consideration of the pertinent factors warrants a stay of Plaintiffs' action.  First, Plaintiffs will not be harmed.  Executive action outside of this litigation has overtaken their case.  The exclusion of undocumented persons from the apportionment base, which would resolve Plaintiffs' identified harms, is the purpose and effect of President Trump's Memorandum.  *See* Memorandum at 44680 (authorizing the exclusion "from the apportionment base aliens who are not in a lawful immigration status under the Immigration and Nationality Act . . . to the maximum extent feasible and consistent with the discretion delegated to the executive branch").

Certainly, the Memorandum's validity is questioned in several recently filed lawsuits that contest the legality of the Memorandum on statutory and constitutional grounds.  *See* Dkt. 155 (Defendants' list of those lawsuits).  Unless and until the Memorandum is invalidated, however, there is nothing further that Plaintiffs could obtain

2

from this lawsuit. Any concrete relief awarded to Plaintiffs would duplicate the Memorandum's effect, and any ruling on the constitutional questions Plaintiffs present would be an improper advisory opinion, or at a minimum, an unnecessary constitutional ruling. The point is not that Plaintiffs have prevailed—they most certainly have not—but independent Executive action has overtaken the basis for Plaintiffs' lawsuit, at least for now.

Because Plaintiffs' case may become pertinent again if the Memorandum is invalidated, Local Government Defendant-Intervenors and State and Other Government Defendant-Intervenors do not seek dismissal, but a temporary stay the Court could lift if a live question is presented anew.

A stay of Plaintiffs' action is further warranted as it would conserve judicial resources. There is no reason for the Court to decide a case that can no longer have any effect. If the Memorandum is struck down, the Court would once again be presented with a live case and could lift the stay as appropriate at that time.

## **CONCLUSION**

For these reasons, the Court should stay Plaintiffs' action pending the resolution of lawsuits challenging the Memorandum.

DATED: August 3, 2020            Respectfully submitted,

/s/ Robert S. Vance
THE BLOOMSTON FIRM
Robert S. Vance
2151 Highland Avenue South, Suite 310
Birmingham, AL 35205
(205) 212-9700
Robert@thebloomstonfirm.com

ZARZAUR MUJUMDAR & DEBROSSE
Anil A. Mujumdar (ASB-2004-L65M)
Paul H. Rand (ASB-5595-099N)
2332 Second Avenue North
Birmingham, AL 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
Email: anil@zarzaur.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
Ezra D. Rosenberg
Dorian L. Spence
1401 New York Avenue NW, Suite 400
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-9857
Email: erosenburg@lawyerscommittee.org
dspence@lawyerscommittee.org

DEMOCRACY FORWARD
Robin F. Thurston
John T. Lewis
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
Telephone: (202) 448-9090
Email: rthurston@democracyforward.org
jlewis@democracyforward.org

Attorneys for Defendant-Intervenors City of Atlanta; City of San José; Arlington County; and King County

DEBEVOISE & PLIMPTON LLP
Jyotin Hamid
Lauren M. Dolecki
Ming Ming Yang
919 Third Ave
New York, NY 10022
(212) 909-6000
Facsimile: (212) 909-6836
Email: jhamid@debevoise.com

lmdolecki@debevoise.com
mmyang@debevoise.com

CITY OF SAN JOSÉ
Richard Doyle, City Attorney
Nora Frimann, Assistant City Attorney
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, CA 95113-1905
Telephone: (408) 535-1900
Facsimile: (408) 998-3131
Email: cao.main@sanjoseca.gov

Attorneys for Defendant-Intervenor
City of San José

COPELAND FRANCO
SCREWS & GILL, P.A.
Robert D. Segall (SEG003)
Post Office Box 347
Montgomery, AL 36101-0347
Phone: (334) 834-1180
Facsimile: (334) 834-3172
Email: segall@copelandfranco.com

OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
James R. Williams, County Counsel
Greta S. Hansen
Raphael N. Rajendra
Marcelo Quiñones
Laura S. Trice
Office of the County Counsel
County of Santa Clara
70 West Hedding Street
East Wing, 9th Floor
San José, CA 95110
Email: raphael.rajendra@cco.sccgov.org
marcelo.quinones@cco.sccgov.org

LAW OFFICE OF
JONATHAN WEISSGLASS
Jonathan Weissglass
410 12th Street, Suite 250-B

Oakland, CA 94607
Telephone: (510) 836-4200
Email: jonathan@weissglass.com

Attorneys for Defendant-Intervenor
County of Santa Clara California

*/s/ Joyce White Vance*
Joyce White Vance
101 Paul W. Bryant Drive
Tuscaloosa, AL 35487
jvance@law.ua.edu

*/s/ Barry A. Ragsdale*
Barry A. Ragsdale
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Birmingham, AL 35205
Phone: (205) 930-5100
Fax: (205) 930-5101
bragsdale@sirote.com

LETITIA JAMES
*Attorney General of the State of New York*

By: /s/ Matthew Colangelo
Matthew Colangelo
  *Chief Counsel for Federal Initiatives*
Elena Goldstein
  *Deputy Chief, Civil Rights Bureau*
Joseph J. Wardenski, *Senior Trial Counsel*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov

Attorneys for the State and Other Government Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, a true and correct copy of the foregoing was served electronically to counsel of record agreed to by the parties.

/s/ Robert S. Vance

Dated: August 3, 2020