FILED
2020 Sep-23 AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, et al., <br>     *Plaintiff*s, <br> v. <br> UNITED STATES DEPARTMENT OF COMMERCE; et al., <br>     *Defendants*, <br> and <br> DIANA MARTINEZ, et. al. <br>     *Defendant-Intervenors*, <br> and <br> JOEY CARDENAS, et. al., <br>     *Cross-Claimants,* <br> v. <br> BUREAU OF CENSUS, et al., <br>     *Cross-Defendants*. | Civil Action No. 2:18-cv-00772-RDP |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR THE APPOINTMENT OF A THREE-JUDGE COURT**

Plaintiffs respectfully request the appointment of a three-judge court to consider the claims pending before this Court related to whether Defendants must, may, or may not include illegal aliens in the census count used to apportion the House of Representatives. Several district courts across the country that are considering similar claims have convened three-judge courts, and as explained below, a three-judge court should be appointed here.

## BACKGROUND

Plaintiffs the State of Alabama and Representative Morris Brooks brought this suit against the Secretary, the Department of Commerce, the Census Bureau, and the Bureau's Acting Director. (*See* Docs. # 1, 112). Plaintiffs contend that both the Constitution and the Administrative Procedure Act prohibit Defendants from including illegal aliens as part of the apportionment base. And Plaintiffs have alleged that if illegal aliens are included in the 2020 census apportionment base, Alabama is substantially likely to lose a congressional seat and Electoral College vote that the State would maintain if the apportionment base included only citizens and lawfully present aliens.

Plaintiffs seek declaratory and injunctive relief that would prevent this representational harm. Plaintiffs request that the Census Bureau's Residence Rule[1] be declared unlawful and be vacated insofar as it permits or requires the Census Bureau to include illegal aliens in the apportionment base used to apportion congressional seats and Electoral College votes among the states. (Doc. # 112, ¶ 144(a), (c)). Plaintiffs further request that the Court declare that an apportionment that "does not use the best available methods to exclude illegal aliens from the apportionment base used to apportion congressional seats and Electoral College votes among the

---

[1] *See* Final 2020 Census Residence Criteria and Residence Situations, 83 Fed. Reg. 5525 (February 8, 2018) (to be codified at 15 C.F.R. Ch. I) ("Residence Rule").

2

states would be unconstitutional." (*Id.* ¶ 144(b)). Plaintiffs ask for a remand to permit Defendants to issue a new rule that complies with that declaration. (*Id.* ¶ 144(d)). And Plaintiffs request any additional relief, including injunctive relief, that the Court deems appropriate. (*Id.* ¶ 144(e)).

The Martinez Intervenors have also brought a cross-claim in this case, alleging that Defendants might attempt to exclude illegal aliens from the apportionment base. (*See* Doc. 119 at 29-41). Martinez Intervenors allege that any such attempt by Defendants would be unlawful because the apportionment must be "on the basis of total population of all persons" and because Defendants' attempts to exclude illegal aliens would rely on the impermissible use of "statistical probabilities." (*Id.* at 39, ¶¶ 54-55).

On July 21, 2020, the President issued a Presidential Memorandum entitled "Memorandum on Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census." 85 Fed. Reg. 44,679 (July 23, 2020) (Doc. # 152-1). The Memorandum states that "[t]he Constitution does not specifically define which persons must be included in the apportionment base," that the Constitutional "term 'persons in each State' has been interpreted to mean that only the 'inhabitants' of each State should be included," and that "[d]etermining which persons should be considered 'inhabitants' for the purpose of apportionment requires the exercise of judgment." (Doc. # 152-1 at 2). The Memorandum concludes that Congress has delegated to the executive branch the "discretion … to determine who qualifies as an 'inhabitant,'" which "includes authority to exclude from the apportionment base aliens who are not in a lawful immigration status." (*Id.*).

The Memorandum then declares that "it is the policy of the United States to exclude from the apportionment base aliens who are not in a lawful immigration status under the Immigration and Nationality Act, as amended (8 U.S.C. § 1101 *et seq.*), to the maximum extent feasible and consistent with the discretion delegated to the executive branch." (*Id.* at 3). The Memorandum

orders the Secretary of Commerce to "take all appropriate action, consistent with the Constitution and other applicable law, to provide information permitting the President, to the extent practicable, to exercise the President's discretion to carry out" that policy. (*Id.* at 4). Finally, the Memorandum makes clear that it does not "create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." (*Id.*).

## ANALYSIS

Congress has provided that "[a] district court of three judges shall be convened when … an action is filed challenging the constitutionality of the apportionment of congressional districts …." 28 U.S.C. § 2284(a). A three-judge court is warranted in this case where Plaintiffs have contended that apportionment of congressional districts must be based on a census count that excludes illegal aliens, and Martinez Intervenors have argued that the apportionment base must include illegal aliens. Accordingly, this case is "an action … challenging the constitutionality of the apportionment of congressional districts," and it warrants a three-judge court.

Three-judge courts have been appointed to hear numerous challenges to who is included in the apportionment base. In *Massachusetts v. Mosbacher*, 785 F. Supp. 230 (D. Mass. 1992), a three-judge court heard Massachusetts's challenge to the inclusion of overseas federal workers in the apportionment base. The court concluded that Section 2284 applies to both intrastate and interstate apportionments. *Id.* at 235. And the Supreme Court then reviewed the three-judge court's decision on direct appeal and overturned it. *Franklin v. Massachusetts*, 505 U.S. 788 (1992); *see also Utah v. Evans*, 143 F. Supp. 2d 1290, 1293 (D. Utah) (challenging decision to not include certain citizens living overseas), *aff'd*, 534 U.S. 1038 (2001); *Adams v. Clinton*, 26 F. Supp. 2d 156, 161 (D.D.C. 1998) (claim that the District of Columbia "cannot constitutionally be

4

left out of the apportionment process" was "a challenge to the apportionment of congressional districts" that warranted a three-judge court).

Moreover, numerous courts have recently appointed three-judge courts to consider claims like those brought by the Martinez Intervenors. *See, e.g.*, *New York, et al. v. Trump, et al.* No. 20-cv-5770 (S.D.N.Y. Aug. 12, 2020), Doc. 86; *Common Cause, et al. v. Trump, et al.*, No. 20-cv-2023 (D.D.C. Aug. 24, 2020), Doc. 37; *Haitian-Americans United, Inc., et al. v. Trump, et al.*, No. 20-cv-11421 (D. Mass. Sept. 11, 2020), Doc. 13.

To be sure, some courts have concluded that a three-judge court is not warranted when parties challenge "census practices potentially affecting allocations of House members to states," rather than a completed apportionment. *Fed'n for Am. Immigration Reform v. Klutznick*, 486 F. Supp. 564, 577 (D.D.C. 1980); *see also City of Philadelphia v. Klutznick*, 503 F. Supp. 657, 658 (E.D. Pa. 1980) (denying application for three-judge court because "[n]o existing apportionment is challenged here"). But the text of Section 2284(a) is broad enough to cover actions "challenging the constitutionality of the apportionment of congressional districts" both before and after apportionment has concluded. And the claims in this action go not only to census practices affecting apportionment, but to what the apportionment base should be. Thus, under Section 2284 this action is "an action … challenging the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a).

## CONCLUSION

In accordance with Section 2284(a), a three-judge court should be convened to hear and determine this action.

|  | Respectfully submitted, |
|---|---|
|  | STEVE MARSHALL<br>*Alabama Attorney General* |
|  | BY: |
| Morris J. Brooks, Jr.<br>Pro se<br>2101 W. Clinton Avenue<br>Suite 302<br>Huntsville, AL 35805<br>(256) 355-9400<br>(256) 355-9406—Fax | s/ Edmund G. LaCour Jr.<br>*Solicitor General*<br><br>James W. Davis<br>Winfield J. Sinclair<br>Brenton M. Smith<br>*Assistant Attorneys General* |
| *Counsel for Plaintiff*<br>*Morris J. Brooks, Jr.* | OFFICE OF THE ATTORNEY GENERAL<br>501 Washington Avenue<br>Post Office Box 300152<br>Montgomery, AL 36130-0152<br>Tel: (334) 242-7300<br>Fax: (334) 353-8400<br>Edmund.LaCour@AlabamaAG.gov<br>Jim.Davis@AlabamaAG.gov<br>Win.Sinclair@AlabamaAG.gov<br>Brenton.Smith@AlabamaAG.gov<br><br>*Counsel for Plaintiff*<br>*State of Alabama* |

6

## **CERTIFICATE OF COUNSEL**

I certify, as an officer of the Court, that I have affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of Plaintiffs' submission to ensure that it does not include vague language or an overly broad citation of evidence or misstatements of the law, and that the submission is non-frivolous in nature.

s/Edmund G. LaCour Jr.<br>
Edmund G. LaCour Jr.<br>
Solicitor General

## **CERTIFICATE OF SERVICE**

This is to certify that on the 23rd day of September, 2020, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to all counsel of record electronically registered with the Clerk.

s/Edmund G. LaCour Jr.<br>
Edmund G. LaCour Jr.<br>
Solicitor General